**HART v. HUIE. (No. 8156.)**

Court of Civil Appeals of Texas. San Antonio. March 6, 1929.

Rehearing Denied. April 3, 1929.

J. D. Todd, of Corpus Christi, for appellant.

Albert L. Derden and E. B. Ward, both of Corpus Christi, for appellee.

SMITH, J. At the inception of this controversy, in 1915, C. C. Hart owned 400 acres of land in Nueces county, incumbered by a deed of trust lien to secure his notes for approximately $4,000. In 1915 R. W. Huie acquired these notes, with the lien. Hart defaulted in the payment of the notes, and conveyed the land to Huie by general warranty deed, in December, 1919. It was recited in the instrument, in effect, that, in lieu of submitting to a foreclosure, Hart thereby elected to execute and deliver the deed to Huie. Hart contends that he delivered this deed to Huie on condition that the latter withhold it from record for "a year or so" in order to give Hart an opportunity to raise the necessary sum and pay off his debt, in which event the deed was to be returned to him and be of no force or effect. Huie held the deed until November 20, 1920, when he had it placed of record, Hart having failed to take up his obligation. Notwithstanding the conveyance from Hart to Huie, Hart appears to have remained in possession of the land.

In October, 1922, he and Huie executed a contract, by the terms of which he took from Huie a lease upon the land for a term of three years, subject, however, to sale by Huie at any time. The lease .contract contained this stipulation, that "the said R. W. Huie agrees and hereby gives to the said C. C. Hart the first option to buy said lands at the price of $25.00 per acre for the 100 acre tract of hill land and $10.00 per acre for the 300 acre tract of bottom land, said price to be cash with 10 per cent. interest per annum added from this date to the date said cash is paid but it is specifically understood by the parties hereto that the said R. W. Huie shall have a perfect right to revoke said option should he find a purchaser for said land before the said Hart exercises his option to purchase, provided the said Hart is notified in writing three days before the said R. W. Huie closes the deal with any prospective purchaser and if the said Hart fails within said time to purchase said land at the price offered by the other purchaser then his option to purchase and this lease shall immediately terminate and cease to be binding on either party."

Hart exercised his option as to the 100 acres of lowlands, which he purchased and paid for. He undertook to exercise his option to purchase the remaining 300 acres, and claims to have procured the necessary funds therefor and to have tendered the same to Huie's agents at Corpus Christi a day or two before the expiration of the option period, but that the agents refused to accept the tender, which could not be made in person to Huie because of the latter's residence and presence in another state. Huie refused to make the sale to Hart, who brought this suit in trespass to try title, and for specific enforcement of the option agreement. A trial before the court without a jury resulted in a judgment against Hart, who has appealed.

Although the testimony and issues are voluminous, there are no findings of fact or conclusions of law by the trial court, and none seems to have been requested by either party.' From this condition of the record arises the presumption that there was evidence to support every fact essential to sustain the judgment, and that the trial court resolved these facts in favor of appellee. By appealing upon such record appellant has assumed the burden of pointing out undisputed facts' negativing one or more presumed findings essential to the validity of the judgment or of pointing out the absence of evidence to support such findings. We have reached the conclusion that appellant has. failed to meet this burden, and that the judgment must be affirmed.

Appellant contends that the deed by which he conveyed the land to appellee was delivered upon the condition that appellee was to have "a year or so" in which to raise the money and redeem the property, during which period appellee agreed to withhold the deed from record; that this agreement of forbearance was a continuing one and was in force at the time this suit was brought, and in support of this position appellant tendered the amount, of the debt when he filed this suit to require appellee to specifically perform said agreement to reconvey the land. It appears that appellee in fact withheld the deed from record for nearly a year, when he placed it of record, with no complaint thereat from appellant until this suit was filed several years later; that, two or three years after the deed was recorded, appellant,· recognizing appellee's ownership, leased the property from appellee for a period of three years, subject to its sale by appellee, and subject to appellant's option to purchase upon stipulated terms at any time during the lease period; that appellant did not exercise the option to purchase within the prescribed period. It is contended by appellant that he tendered the purchase price to appellee's agents, within the prescribed period. There was a sharp conflict in the testimony aliunde the written instruments. The trial court resolved the issues, thus raised, against appellant, and his findings thereon are binding upon this court. The written instruments in the case speak for themselves. They present a regular conveyance of the land from appellant to appellee, and a subsequent lease thereof to appellant, reserving to appellee an option to sell and to appellant an option to purchase. The questions of conditional delivery of the deed; of compliance with those conditions, if any; of the conduct of the parties concerning the exercise of the option under the lease agreement, and of the failure thereof; of the good faith of the parties—were all questions purely of fact, sufficiently raised by material evidence. The trial court presumably found for appellee upon all the material issues thus

raised, and this court is bound by those findings.

There appears to be nothing else in the case, appellant's propositions must all be overruled, and the judgment affirmed. It is so ordered.