### RANEY v. WHITE.

No. 12673.

Court of Civil Appeals of Texas.

San Antonio.

March 31, 1954.

Rehearing Denied April 22, 1954.

David R. White, Uvalde, for appellant.

Davis, Clemens, Knight & Weiss, San Antonio, Fred C. Brigman, Jr., Uvalde, for appellee.

POPE, Justice.

The point in this suit is whether defendant's counterclaim for an offset against the plaintiff's action for damages was barred by limitations as held by the trial court. R. L. White, appellee, commenced this suit on July 31, 1940. He sued R. J. Raney for the reasonable rental value of a ranch on which Raney was a hold-over tenant for a period of four months. In his petition, White alleged on information and belief that Raney made some character of a claim as an offset against the rental he owed. The defendant, Raney, filed a plea of privilege and plaintiff, White, in his controverting affidavit again asserted that the defendant was making a claim for certain repairs and improvements on the property and in that instrument he itemized the claim in detail. The court sustained the plea of privilege and transferred the case to Uvalde County, but during all the time from July 31, 1940, until March 17, 1953, defendant filed no answer. Present counsel for both appellant and appellee are not chargeable with the delay nor the condition of the pleadings, since they only recently became employed in the case. On January 29, 1953, the plaintiff, White, filed his second amended original petition, and dropped from his pleadings all references to the claim for repairs and improvements asserted by the defendant, Raney. On March 17, 1953, the defendant, Raney, for the first time filed an answer. He generally denied plaintiff's claim and also affirmatively asserted a claim for the repairs and improvements alluded to in plaintiff's original pleadings. Plaintiff urged and the court sustained a plea of limitations to the defendant's claim.

■ The trial court correctly sustained the plea. The limitations statutes provide that actions or suits must "be commenced and prosecuted" within the two or four years after the cause of action shall have accrued, depending on which statute is applicable. Arts. 5526, 5527, Vernon's Ann. Civ.Stats. When a plaintiff in his pleadings anticipates defensive matters and pleads them, a defendant may rely upon the defenses though his only pleading is a general denial. Zeigler v. Latham, Tex. Civ.App., 144 S.W.2d 435.

■ The plaintiff anticipated a defense, but he did not admit the truth of the defense. He asserted other facts in support of his position that the defense was not valid. Reasoner v. Gulf, C. & S. F. Ry. Co., Tex.Civ.App., 152 S.W. 213, reversed on other grounds, 109 Tex. 204, 203 S.W. 592. For almost thirteen years, there was no assertion of the truth of the offset claim. The defendant did not even file a general denial of the plaintiff's allegations that the defense was not valid. Hence, the plaintiff at all times denied the truth of the offset and the defendant until 1953 did not assert the truth of the offset. Zeigler v. Latham, Tex.Civ.App., 144 S.W.2d 435. During all that time, there was no issue drawn by the pleadings. Until 1953, the defendant did not assert his offset claim in any manner and certainly not by the filing of a suit or any pleading. The defendant cannot be said to have either commenced or prosecuted his claim as the limitation statutes require. The judgment is affirmed.