Morris Wesley **VAN COURT** et al.,
Appellants,

v.

**GROUP HOSPITAL SERVICE, INC.,**
Appellee.

No. 13617.

Court of Civil Appeals of Texas.

Houston.

March 23, 1961.

Rehearing Denied April 13, 1961.

**344** ■

J. Leonard Gotsdiner, Leonard Z. Finger, Houston, for appellants.

Billy B. Goldberg and Robert W. Baker, Houston, for appellee.

BELL, Chief Justice.

The above named appellant and Mercy Hospital of Pasadena, Texas, sued appellee to recover for hospital services rendered by the Hospital to Van Court. The Hospital holds an interest by assignment from Van Court. Van Court held a hospitalization policy from appellee. He was hospitalized in the Mercy Hospital for five days during March of 1957.

The Trial Court denied recovery because Mercy Hospital was not one coming within the terms of the policy as a hospital whose services would be compensated for by appellee.

The policy was issued December 1, 1951. It provides for certain payments for hospital services rendered the insured by a "Member Hospital." A "Member Hospital" is defined as any hospital with which The Plan has a written contract for the rendition of hospital services provided by the policy. A "Non-member Hospital" is defined as any hospital other than a Member Hospital. It is provided that except in case of an accident the "Non-member" Hospital must be registered with the American Medical Association or it must be approved by "The Plan" for the rendition of services on a non-member hospital basis before compensation will be paid.

The Mercy Hospital was incorporated in September, 1954. In June, 1954 the American Medical Association ceased registering hospitals. It follows that Mercy Hospital which rendered the services was not and could not be registered with the American Medical Association. The Hospital had no contract with The Plan and it had not been approved by appellee. The services rendered were not because of any accident to Van Court, but he was operated on by a licensed doctor of medicine.

While suit was brought on the theory that Mercy Hospital was a Member Hospital and alternatively that it was a Nonmember Hospital, it is now conceded it was not a Member Hospital, but it is contended that it was in March, 1957, when the services were rendered, a Non-member Hospital which should be compensated for services rendered Van Court. The recovery, if allowed, would amount to $90 plus the statutory penalty and reasonable attorney's fees.

The hospital was approved by and registered with the American Hospital Association that now performs the function of registering hospitals.

Appellants contend Mercy Hospital was a Non-member Hospital entitled to be paid for hospital services rendered Van Court, the basis of such contention being three-fold:

1. The function of registering hospitals that prior to June, 1954, was performed by the American Medical Association is now performed by the American Hospital Association. The Joint Commission on Accreditation of Hospitals, of which the American Medical Association is a member, is an accrediting agency for hospitals and it accepts listing by the American Hospital Association instead of that of the American Medical Association as a prerequisite for accreditation. Therefore, appellants say, registration by the American Hospital Association is the same as approval by the American Medical Asso-

ciation and that really there is just a change of procedure.

2. If this is not true, then since there is no hospital registered by the American Medical Association, such provision in the policy is void because impossible of performance.

3. A Non-member Hospital is one registered by the American Medical Association *or* approved by "The Plan." Approval by "The Plan" does not mean approval by the insurer. It means if a hospital is of the "type" approved in The Plan of operation of the insurer, this is sufficient approval within the meaning of the policy as to member hospitals. And, appellants say, Mercy Hospital is a "type" of hospital approved by The Plan.

We are unable to agree that the evidence in this case shows that registration of hospitals by the American Hospital Association, is, so far as appellee is concerned, a mere substitute for registration by the American Medical Association. The appellee contracted, as it had a right to do, that it would pay, within limits stated, for services rendered its members by hospitals with which it had no contract. There is no requirement that it contract to pay for services rendered at any hospital. It contracted only that it would pay for services rendered at any non-member hospital that was registered by the American Medical Association *or* if it was not so registered it must be approved by The Plan. Apparently it was intended that some standard of performance would be required of individual hospitals before the appellee would pay for services rendered. It was willing to accept those hospitals approved by the American Medical Association because of that Association's requirements of high standards. It presumably was acquainted with such standards as that Association was performing such function when the contract with Van Court was first made. However, the evidence here shows that the Association by resolution ceased registering hospitals because it was

concerned primarily with medical education. The resolution requested that the Joint Commission on Accreditation of Hospitals undertake the registration of hospitals in addition to its accreditation activities. Too, the resolution stated the "Essentials of a Registered Hospital" should be declared no longer in effect. From this we gather that what the American Medical Association considered its essentials for hospital registration were no longer in effect and that the Joint Commission should be left free to determine its own essentials for registration. What its standards are, we are . not informed. Neither are we informed as to the standards required by the American Hospital Association for registration of hospitals. The mere fact that the Joint Commission, of which the American Medical Association is a member accepts registration by the American Hospital Association as a prerequisite to accreditation is not the same as approval by the American Medical Association. There are three other bodies that are on the Joint Commission which could apparently control its action to the exclusion of the wishes of the American Medical Association.

In any event appellee has not been shown to have accepted this registration in lieu of registration by the American Medical Association. It was shown by evidence that appellee had made payment to *certain* hospitals that were registered by the American Hospital Association. It was not shown, however, that payment was made because such hospitals were so registered. Payment was made apparently because the particular hospital was approved by appellee.

Neither are we able to agree with appellants that, even if the requirement of approval by the American Medical Association is void because of impossibility of obtaining approval, they are entitled to payment. The contract provides that payment will be made to a non-member hospital if approved by The Plan. It might

be added here that there were hospitals in Pasadena that had rendered service to Van Court for which appellee had paid. Apparently they were approved by The Plan. In any event, the impossibility of obtaining American Medical Association registration has not prevented Van Court from obtaining the benefits under his contract. Still available are services of Member Hospitals or of Non-member Hospitals approved by The Plan.

 We are also unable to agree that approval by "The Plan" means that if the plan of operation of appellee calls for services to be rendered in a particular "type" of hospital, all hospitals of that type are approved. We hold the particular Non-member Hospital must be approved by the insurer. There are probably many hospitals that render a type of service similar to those generally approved as a part of the plan of operation that may render inferior service or be guilty of practices not acceptable to the insurer. We do not mean to intimate that this is true of Mercy Hospital. In fact, there is nothing in the evidence indicating such. The policy does not provide the insurer will pay for services rendered by a "Non-member Hospital" of the "type" approved. It provides that any non-member hospital must be approved. We must take the contract as we find it.

██ Appellants further contend that the benefits of the policy have been changed because approval cannot be obtained by the American Medical Association but appellee continued to accept premiums and did not notify Van Court of the change in the benefits as required by the policy. We overrule such contention. The benefits referred to in the policy we feel mean the services that would be paid for.

██ Appellants are correct in their contention that the Trial Court erred in admitting in evidence appellee's denial of certain requests for admission. However the error resulted in no harm.

The judgment of the Trial Court is affirmed.