Jimmy G. THREET, Appellant,

v.

TEXAS EMPLOYERS' INSURANCE
ASSOCIATION, Appellee.

No. 786.

Court of Civil Appeals of Texas,
Tyler.

Nov. 14, 1974.

Schattman & Guthrie, Michael D. Schattman, Fort Worth, for appellant.

Brown, Herman, Scott, Dean & Miles, Grant Liser, Fort Worth, for appellee.

DUNAGAN, Chief Justice.

This is a suit for the payment of medical services under the Texas Workmen's Com-

pensation Act. These services were received by appellant Jimmy Threet after a final consent judgment had been entered on December 12, 1970, in an earlier workmen's compensation suit against the appellee Texas Employers' Insurance Association (TEIA) and involving Threet's original injury. The instant case was tried before the court on a stipulation of facts and the court held that the appellant take nothing. We affirm.

Appellant brings one point of error, that the trial court erred in granting judgment for the appellee because the judgment of 1970 was final and fixed the liability of TEIA, who was now without authority to modify the terms of that judgment.

By the terms of the original judgment, TEIA was to pay for future medical expenses of Threet only if certain requirements were met, to-wit:

(a) such services and benefits are received by plaintiff within one (1) year from the date of their judgment,

(b) such services and benefits are received by plaintiff at the direction of such doctors as may be designated by defendant in writing before such services or benefits are received by plaintiff, and

(c) such services, benefits and any claim therefor meet all requirements of the Workmen's Compensation Act of the State of Texas.

In accordance with the terms of the judgment, Threet requested authorization for treatment from a chiropractor in Amarillo, Texas, and TEIA authorized in writing the treatment for a thirty-day period, beginning May 7, 1971. The letter of authorization included a sentence saying "We will not automatically extend the thirty days which we authorized to you." On June 3rd a thirty-day extension to July 3rd was requested by Threet. Again TEIA's authorization was provided in writing. Threet's total bill for the treatment received from the chiropractor amounted to $444.00, of which TEIA has paid $251.50, leaving $192.50 in dispute.[1] While the record is unclear as to why TEIA failed to pay the total bill, it seems apparent that there was some treatment given to Threet beyond the authorized period to July 3rd. It is Threet's contention that the TEIA, through its authorization of thirty days of treatment, tried to limit the duration of its liability to provide medical payments for one year in accordance with the terms of the original final judgment.

The original judgment rendered on December 14, 1970, was a consent judgment. Matthews v. Looney, 132 Tex. 313, 123 S.W.2d 871 (1939). The record shows that its terms and provisions were agreed upon the parties and then entered of record by the sanction and authorization of the court. Because a consent judgment is a written agreement, it should be interpreted as a contract with general rules relating to construction of contracts applicable. Edwards v. Gifford, 155 S.W.2d 786 (Tex.Sup.1941); DeLee v. Allied Finance Company of Dallas, 408 S.W.2d 245 (Tex. Civ.App., Dallas, 1966, n. w. h.); Everett v. Everett, 309 S.W.2d 893 (Tex.Civ.App., Waco, 1958, n. r. e.).

The controversy here centers around the construction of Section B of the consent judgment. This section is vague and general and therefore subject to several interpretations. Threet contends that Section B should be interpreted as stating that once a doctor is designated in writing he can treat the appellant in any manner he wishes for one year. TEIA contends that Section B should be interpreted to mean that the appellee would designate a doctor to treat the appellant for a specific period of time, and

---

1. In his original petition Threet sought recovery of $298.50. However, later discussions and investigations revealed an error made in totaling the bill by the treating chiropractor, leaving an unpaid balance of $192.50.

that at the end of that time, the appellee would re-examine the needs and requirements of the appellant before designating the doctor for another period of treatment.

■ In applying the law of contracts, there is no stronger rule for construing a contract of doubtful meaning than that which gives effect to the parties' own interpretation. United Founders Life Insurance Company v. Carey, 363 S.W.2d 236 (Tex.Sup.1962). Further, "No principle of interpretation of contracts is more firmly established than that great, if not controlling, weight should be given by the courts to the interpretation placed upon a contract of uncertain meaning by the parties themselves. Courts rightfully assume that parties to a contract are in the best position to know what was intended by the language employed." James Stewart & Co. v. Law, 149 Tex. 392, 233 S.W.2d 558 (1950).

■ Appellant Threet, in accordance with the terms of the consent judgment requested permission to receive medical treatment from the Amarillo chiropractor. When TEIA responded with a thirty-day authorization with no automatic extension, Threet did not complain, but acquiesced to this interpretation by asking for a thirty-day extension to July 3rd. There is no evidence in the record that TEIA attempted to modify the terms of the original consent judgment by authorizing treatment for less than one year. It appears that by providing the thirty-day authorization TEIA was seeking close supervision over the treatment given to Threet. Also the record does not show that TEIA did not intend to designate any further medical treatment for Threet, if requested to do so.

■ The trial court was not requested and did not file any findings of fact and conclusions of law, nor have any been stated in the judgment. Appellant did bring forward a statement of facts and it must therefore be presumed upon appeal that the trial judge found every issuable fact proposition necessary to sustain the judgment, provided such fact proposition is raised by the pleadings and is supported by the evidence. Bishop v. Bishop, 359 S.W.2d 869 (Tex.Sup.1962); Longhorn Flying Club, Inc. v. Dragoo, 464 S.W.2d 189 (Tex.Civ. App., Austin, 1971, n. r. e.). In considering the sufficiency of the evidence in support of the presumed findings, the appellate court must construe the evidence in the light most favorable to the judgment and disregard all evidence to the contrary, indulging every legitimate conclusion which tends to uphold the judgment. Bradshaw v. Holmes, 246 S.W.2d 296 (Tex.Civ.App., Amarillo, 1951, n. r. e.). And by appealing on such record appellant assumes the burden of pointing out undisputed facts negativing one or more presumed findings essential to the validity of the judgment or of pointing out the absence of evidence to support such findings. Hart v. Huie, 15 S.W.2d 654 (Tex.Civ. App., San Antonio, 1929, writ dism.); Wilkinson v. Paschall, 210 S.W.2d 215 (Tex.Civ.App., Eastland, 1948, n. w. h.). Appellant neither pointed out undisputed facts nor showed a lack of evidence to support his allegations.

Applying these rules to the instant case we must conclude that the trial court properly construed Sec. B of the 1970 consent judgment. Indulging every legitimate conclusion which tends to uphold the judgment, we must affirm.

Judgment affirmed.