**AMERICAN COMMUNICATIONS TELE-COMMUNICATIONS, INC., Appellant,**

**v.**

**COMMERCE NORTH BANK, Appellee.**

**No. 04–83–00358–CV.**

Court of Appeals of Texas, San Antonio.

April 24, 1985.

Geoffrey E. Goring, San Antonio, for appellant.

Don Krause, San Antonio, for appellee.

Before ESQUIVEL, CANTU and DIAL, JJ.

## OPINION

ESQUIVEL, Justice.

This is an appeal from a take nothing judgment in a breach of contract case.

Appellant, American Communications Telecommunications, Inc. (American), sued appellee, Commerce North Bank (Bank), seeking damages and attorney's fees for breach of contract, alleging that Bank wrongfully paid a check drawn on American's account with Bank and debited its account in the amount of such check in disregard of the agreement specified on the signature card of said account. In a bench trial a take nothing judgment was entered by the trial court. We affirm.

The following facts are undisputed. American opened checking account No. 0–017–566 with Bank. The signature card for said account designated five authorized signatures and provided that two signatures were required on any check over

$500.00 and only one signature for any check less than $500.00.

On August 31, 1981, an advertising contract between San Antonio Bilingual Yellow Pages Directory, Inc. and American was executed by John Allen, president of San Antonio Bilingual Yellow Pages Directory, Inc. and Timothy Doreen, then manager of American. On September 2, 1981, check No. 412, in the sum of $1,832.00 payable to "San Antonio Bilingual Yel. Page & Dir." [sic] and drawn on American's account No. 0–017–566 with Bank, was executed and signed by Tammy Serrano, bookkeeper for American at that time, representing full payment for the advertising contract. Tammy Serrano was one of the five authorized signatures designated on the signature card. The advertising was published as agreed to under the terms of the advertising contract. Bank honored the check in question and debited American's account in the amount of the check, i.e., $1,832.00. American demanded that Bank credit its account in the amount of $1,832.00 alleging that Bank wrongfully honored the check in disregard of their agreement as set out in the signature card. Bank refused and American filed this suit. Bank answered with a general denial. Trial was to the court on American's first amended original petition.

■ From these undisputed facts, we conclude that Bank improperly paid check No. 412 under circumstances giving a basis for objection and simply charged American's account for the amount of the payment. TEX.BUS. & COM.CODE ANN. § 4.407 (Tex.U.C.C.) (Vernon 1968), gives to a payor bank that has improperly paid a check under circumstances giving a basis for objection by the drawer or maker, subrogation rights of various parties to the transaction. The provisions of section 4.407, pertinent to this appeal, read as follows:

§ 4.407. Payor Bank's Right to Subrogation on Improper Payment

If a payor bank has paid an item over the stop payment order of the drawer or maker or otherwise under circumstances giving a basis for objection by the drawer or maker, to prevent unjust enrichment and only to the extent necessary to prevent loss to the bank by reason of its payment of the item, the payor bank shall be subrogated to the rights

\* \* \* \* \* \*

(2) of the payee or any other holder of the item against the drawer or maker either on the item or under the transaction out of which the item arose; ...

\* \* \* \* \* \*

*Id.* § 4.407(2).

We therefore hold that Bank is subrogated to the rights of San Antonio Bilingual Yellow Pages and Directory, Inc., against American, either on the check in question or under the transaction, to-wit: the advertising contract, to prevent any unjust enrichment of American and only to the extent necessary to prevent a loss to Bank to the extent of the payment of the check. *See id.* § 4.407 comment 2.

■ Specific findings of fact and conclusions of law were not requested or filed, neither were they stated in the judgment. American, however, has brought forward a statement of facts. We must therefore presume that the trial judge found every issuable fact proposition necessary to sustain the judgment, if such proposition is raised by the pleadings and is supported by the evidence. *See* 4 R. McDONALD, TEXAS CIVIL PRACTICE IN DISTRICT AND COUNTY COURTS § 16.10(d) (rev. ed. 1984). We must affirm the judgment if it can be sustained "on any reasonable theory supported by the evidence and authorized by law." *Id.; see also Davis v. Huey,* 571 S.W.2d 859, 862 (Tex.1978).

American thus bears the burden of showing either that the undisputed facts negative one or more of the elements essential to support the judgment, or that the trial was limited to the written pleadings and that one or more of the essential elements has no support in such pleadings. *Philen v. Sorenson,* 609 S.W.2d 656, 659 (Tex.Civ. App.—Tyler 1980, writ ref'd n.r.e.).

■ Applying the aforementioned guidelines, we will now consider American's points of error numbers one and three, which complain of the judgment of the trial court.

In its point of error number one, American contends that the judgment of the trial court should be reversed because Bank failed to meet its burden to plead and prove its affirmative defense, i.e., the absence of loss to American and Bank's subrogation to the rights of San Antonio Bilingual Yellow Pages and Directory, Inc., the payee on the check in question. We do not agree with American. We hold that one or more of the elements essential to support the judgment have support in the pleadings.

■ It is undisputed that Bank, by filing only a general denial,` failed to plead its subrogation rights and claim of absence of loss. Trial, however, was had on American's first amended original petition. In such pleadings, American anticipated Bank's subrogation rights and defenses and pled them. It is stated in Paragraph V of American's first amended original petition that "a discussion of the defendant's possible rights as subrogee is here appropriate" and the paragraph is a discussion of Bank's subrogation rights under section 4.407. Paragraph VI is a discussion of Bank's claims of absence of loss to American. When a plaintiff in his pleadings anticipates defensive matters and pleads them, as in the case before us, a defendant may rely upon the defenses though his only pleading is a general denial. *Raney v. White*, 267 S.W.2d 199, 200 (Tex.Civ.App.—San Antonio 1954, writ ref'd); 2 R. McDONALD, TEXAS CIVIL PRACTICE IN DISTRICT AND COUNTY COURTS § 6.23 (rev. ed. 1982).

■ We further hold that the undisputed facts do not negative any of the elements essential to support the judgment. American admits in their pleadings and in their brief that Bank is subrogated to the rights of the payee on the check, San Antonio Bilingual Yellow Pages and Directory, Inc. American has failed to establish that it was not obligated to San Antonio Bilingual Yellow Pages and Directory, Inc. To the contrary, American's own testimony established that its agent, Timothy Doreen, executed the advertising contract for the purchase of advertisements received by American and that its agent had actual or apparent authority to bind American to the contract. American's point of error number one is overruled.

In point of error number three, American complains that the judgment of the trial court should be reversed because the trial court considered evidence which disproved its claim. American is complaining of the court's judgment, which is in accordance with its own testimony, simply because its own testimony was unfavorable to it. American's own witness, Carl Callozo, its president, established that Timothy Doreen was both manager and sales manager of its operations; that he had actual authority to bind it without limitation in contracts regarding sales of its equipment; that he had actual authority without limitation in executing loans and pledging corporate assets; and that he was in charge of its entire operation on a day-to-day basis. American introduced into evidence a Yellow Pages ad that it admitted was published as agreed by San Antonio Bilingual Yellow Pages and Directory, Inc., under the terms of the advertising contract. This demonstrates that American's agent had actual and apparent authority to purchase the Yellow Pages ad and that American received what it purchased with the check in question. American's own testimony fails to negative any of the elements essential to support the judgment.

American has failed to meet its burden on appeal. Accordingly, points of error numbers one and three are overruled.

■ In point of error number two, American complains of the trial court's refusal "to admit into evidence or to consider" its answers to requests for admissions submitted by Bank. A review of American's answers to requests for admissions reveals that American "denied," all four requests and "qualified" or explained his denials

with self-serving declarations or answers. When an answering party denies or refuses to make an admission of fact, such refusal is nothing more than a refusal to admit a fact. It is not evidence of any fact except the fact of refusal. *Halbert v. Sylestine*, 292 S.W.2d 135, 138 (Tex.Civ.App.—Beaumont 1956, no writ). Admitting such denial into evidence is error. *Van Court v. Group Hospital Service, Inc.*, 345 S.W.2d 343, 346 (Tex.Civ.App.—Houston 1961, no writ). The trial court properly refused to admit American's answers into evidence. American's point of error number two is overruled.

The judgment of the trial court is affirmed.