Opinion issued February 11, 2010 




 


 

 






In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-09-00454-CV

____________


FRANCISCA ROSALES & JOSE ONTIVEROS, Appellants


v.


KIMBERLY WILLIAMS & JERMAINE WILLIAMS, Appellees






On Appeal from the County Civil Court of Law No. 3

Harris County, Texas

Trial Court Cause No. 926979







MEMORANDUM OPINION

 This is an appeal from a summary judgment granted in favor of appellees,
Kimberly and Jermaine Williams ("the Williamses"), in their suit against appellants,
Francisca Rosales and Jose Ontiveros, for breach of a residential lease contract. See
Tex. R. Civ. P. 166a(a), (c). The trial court granted the Williamses' Motion for
Summary Judgment. The trial court awarded the plaintiffs $7,190 as damages for
breach of contract, $5,525 in attorney's fees, and additional attorney's fees in the
event of appeal. 

 On appeal, Rosales and Ontiveros argue that two fact issues exist as to the
amount of damages awarded. We reverse and remand. 

Background


 Rosales and Ontiveros entered into a residential lease to rent a house from the
Williamses for an initial year-long term beginning January 9, 2008 and ending
January 31, 2009. Pursuant to the agreement, Rosales and Ontiveros were to pay
monthly rent of $1,295. It is undisputed that, in March 2008, Rosales informed
Kimberly Williams that she wanted to move out of the rented house. Rosales
originally said that she and Ontiveros would be moved out of the rented house by the
end of the month of March 2008. It is also undisputed that, towards the end of March
2008, Ontiveros contacted Kimberly Williams to inform her that they wished to stay
in the home longer.

 Rosales and Ontiveros alleged in their response to the Motion for Summary
Judgment that they requested to stay an additional month (for all of April) but
Kimberly Williams informed them that they needed to be out of the house by April
11, 2008. Rosales and Ontiveros also alleged and provided summary judgment
evidence that they had agreed with the Williamses on an amount of rent to pay for the
portion of April. Rosales and Ontiveros alleged that they paid the rent on April 4,
2008 and attached as summary judgment a copy of a rent payment made out to
Kimberly Williams for $558. Rosales and Ontiveros alleged that the Williamses
would not allow them to stay for the additional month (all of April 2008) because "the
house had been rented to another tenant." Rosales stated in her affidavit that
Williams told her she needed to be out of the house by April 11, 2008 because she
needed two weeks to clean before the new tenants arrived. Rosales and Ontiveros
claim that, because they were not allowed to stay for all of April, they had to stay in
a hotel and rent a storage unit to store their property. Rosales and Ontiveros refute
the Williamses' reasons for not returning the security deposit, alleging that they kept
the home clean and attempted to return the key to Kimberly Williams but she did not
arrive at the home at the time planned for the last inspection of the house.

 Rosales and Ontiveros also alleged that an individual was renting the house in
May and June 2008. Rosales stated in her affidavit that she visited the house after
moving to pick up her mail. In May 2008, she observed a car parked in the driveway
and curtains hanging in the house. In June 2008, she spoke with the new tenant.

Analysis

 Rosales and Ontiveros contend that the trial court erroneously granted the
Motion for Summary Judgment because genuine issues of material fact existed as to
(1) whether the property was rented to new tenants beginning in May 2008 and (2)
whether the deductions from the security deposit were proper. Kimberly and
Jermaine Williams argue that the summary judgment should be affirmed because they
are entitled to judgment as a matter of law and no issues of material fact were raised
before the trial court. (1)

A. Summary Judgment Standard of Review

 To succeed on a motion for summary judgment under Rule 166a(c), a movant
must establish that there is no genuine issue of material fact so that the movant is
entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); Randall's Food
Mkts., Inc. v. Johnson, 891 S.W.2d 640, 644 (Tex. 1995). To conclusively establish
a matter, the movant must show that reasonable minds could not differ as to the
conclusion to be drawn from the evidence. City of Keller v. Wilson, 168 S.W.3d 802,
814 (Tex. 2005). The burden of proof is on the movant, and all doubts about the
existence of a genuine issue of material fact are resolved against the movant. Sw.
Elec. Power Co. v. Grant, 73 S.W.3d 211, 215 (Tex. 2002). If the movant establishes
a right to summary judgment, the burden shifts to the non-movant to raise a genuine
issue of material fact in order to defeat summary judgment. See Centeq Realty, Inc.
v. Siegler, 899 S.W.2d 195, 197 (Tex. 1995).

 We review the trial court's granting of a traditional motion for summary
judgment de novo. Provident Life & Accident Ins. Co. v. Knott, 128 S.W.3d 211, 215
(Tex. 2003). When reviewing a summary judgment, we take all evidence favorable
to the non-movant as true. Randall's Food Mkts., Inc., 891 S.W.2d at 644; Nixon v.
Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548-49 (Tex. 1985). Similarly, every
reasonable inference must be indulged in favor of the non-movant and doubts must
be resolved in his favor. Randall's Food Mkts., Inc., 891 S.W.2d at 644; Nixon, 690
S.W.2d at 548-49. 

B. Damages for Breach of Contract

 Rosales and Ontiveros pointed out in their response to the Williamses' Motion
for Summary Judgment and in their appellate brief that genuine issues of material fact
exist as to whether the Williamses (1) mitigated their damages and (2) improperly
deducted amounts from the security deposit.

 1. Mitigation

 The Williamses argue that the issue of mitigation was not pled by Rosales and
Ontiveros and, thus, shall not be considered by this Court on appeal.

 Section 91.006 of the Texas Property Code requires a landlord to mitigate his
damages after the breach of a lease and declares void any lease provision to the
contrary. Tex. Prop. Code Ann. § 91.006 (Vernon 2007). When a tenant contends
that the landlord has mitigated his damages, the breaching tenant need not plead the
landlord's mitigation as an affirmative defense; rather, the tenant's evidence of the
landlord's mitigation tends to rebut the amount of damages claimed by the landlord
for the breach and may be admitted under a general denial. McGraw v. Brown Realty
Co., 195 S.W.3d 271, 277-78 (Tex. App.--Dallas 2006, no pet.). Thus, it was not
necessary for Rosales and Ontiveros to plead that the Williamses mitigated their
damages, and the issue is properly before our consideration.

 On the other hand, a tenant's contention that the landlord failed to mitigate his
damages must be pleaded as an affirmative defense, and the filing of a general denial
is usually not sufficient to raise the issue. Id. at 277; see Tex. R. Civ. P. 94 (party
relying on affirmative defense must specifically plead defense). However, when a
plaintiff in his pleadings anticipates defensive matters and pleads them, the defendant
may rely upon defenses though his only pleading is general denial. Phillips v.
Phillips, 820 S.W.2d 785, 789 (Tex. 1991) (citing Raney v. White, 267 S.W.2d 199,
200 (Tex. Civ. App.--San Antonio 1954, writ ref'd)).

 Here, the Williamses pled in "Plaintiff's [sic] Original Petition" that "Plaintiffs
reasonably mitigated their damages." Although the Williamses, as plaintiffs, had no
obligation to anticipate defenses and plead those issues, by anticipating the defense
in their pleadings, they allowed the defendants to properly respond with a general
denial. See id. Because the plaintiffs' petition claimed they reasonably mitigated
damages, the defendants' filing of a general denial, "den[ying] each and every
allegation of Plaintiffs' Original Petition," put failure to mitigate at issue in the case.

 Moreover, even if the pleadings had not put mitigation at issue, both parties
addressed the issue in their summary judgment pleadings and attached evidence,
without objection from the Williamses. An unpleaded affirmative defense may serve
as the basis for a summary judgment when it is raised in the summary judgment
motion and the opposing party does not object to the lack of a Rule 94 pleading in
either its written response or before the rendition of judgment. Roark v. Stallworth
Oil & Gas, Inc., 813 S.W.2d 492, 494 (Tex. 1991). In other words, trial by consent
applies in the summary judgment context. Id.; see also Segal v. Emmes Capital,
L.L.C., 155 S.W.3d 267, 298 (Tex. App.--Houston [1st Dist.] 2004, pet. dism'd). 
"The failure to plead an affirmative defense under rule 94 is an issue that must be
raised in the trial court, or it may not be urged on appeal." Roark, 813 S.W.2d at 495.

 Rosales and Ontiveros's response to the Williamses' Motion for Summary
Judgment states facts raising the issue of mitigation and failure to mitigate. The
Williamses filed a reply brief to Rosales and Ontiveros's response, but did not object
or specially except. Thus, the issue of failure to mitigate was properly before the
consideration of the trial court in deciding the motion and accordingly, is also
properly before the consideration of this Court on appeal.

 a) Actual Mitigation of Damages

 Rosales and Ontiveros's response to the Motion for Summary Judgment and
attached evidence creates a fact issue as to whether the Williamses actually mitigated
their damages. The response states that Rosales and Ontiveros requested to stay in
the house for an additional month but were told that they could only stay "until April
11, 2008 because the house had been rented to another tenant." In Rosales' affidavit,
she states that Kimberly Williams told her that they "had to leave the house by April
11, 2008 because she needed two weeks to clean the house before the new tenants
arrived." Additionally, the response alleges and the attached affidavit states that
Rosales observed and spoke with the new tenant renting the house in May and June
of 2008.

 The Williamses argue in their appellate brief that the affidavits of Rosales and
Ontiveros are self-serving conclusory statements based on supposition and hearsay
and do not amount to more than a scintilla of evidence. However, the Williamses did
not make these objections before the trial court. Because the objections to hearsay
and speculation are objections to form, the Williamses waived them by failing to
present the objection to the trial court. See Tex. R. Evid. 802; Pico v. Capriccio
Italian Rest., Inc., 209 S.W.3d 902, 909 (Tex. App.--Houston [14th Dist.] 2006, no
pet.). Hearsay, when not objected to, is relevant evidence that can be considered on
appeal. Tex. R. Evid. 802.

 An objection that an affidavit is conclusory can be raised for the first time on
appeal, as it goes to a substantive defect. See Pico, 209 S.W.3d at 909. A conclusory
statement in an affidavit is insufficient to raise an issue of fact in response to a motion
for summary judgment. Ryland Group, Inc. v. Hood, 924 S.W.2d 120, 122 (Tex.
1996). A conclusory statement is one that does not provide the underlying facts to
support the conclusion. Winchek v. Amer. Express Travel Related Servs. Co., 232
S.W.3d 197, 206 (Tex. App.--Houston [1st Dist.] 2007, no pet.). 

 Here, the statements made by Rosales in her affidavit are not conclusory. The
legal conclusion at issue here is that the Williamses actually mitigated their damages. 
Rosales' affidavit does not state the legal conclusion that damages were mitigated;
rather, she states facts that indicate that the property had been rented. 

 Thus, the statements in the affidavits attached to Rosales and Ontiveros's
response are some evidence that the Williamses mitigated their damages for an
amount greater than what they acknowledged in their motion for summary judgment.

 b) Failure to Mitigate

 While it is Rosales and Ontiveros's primary contention that the Williamses
actually mitigated their damages by leasing the property to another tenant, the facts
provided in response to the Williamses' Motion for Summary Judgment alternatively
show that the Williamses failed to mitigate their damages. It is undisputed that
Rosales and Ontiveros asked to stay in the apartment for an additional month but
were only allowed to stay in the house until April 11. Because the landlords have an
obligation to avoid waste, their refusal to allow Rosales and Ontiveros to stay at the
house longer, if the property were not leased to another tenant, would constitute a
failure to mitigate.

 2. Amount of Damages

 Rosales and Ontiveros also argue that the trial court erred in awarding the
amount of damages claimed by the Williamses. None of the Williamses' pleadings
or motions clearly document the calculation of their alleged damages. The trial court
awarded $7,190 in damages on the breach of contract claim. Based on the
Williamses' alleged damages in their motion, this figure appears to be the amount
claimed for rent ($6,580) and the claimed amount for damage to the property and
reletting fees ($610). The Williamses appear to have claimed $6,580 for rent based
on four months of rent at a rate of $1,295 and four months of late fees of $350. 

 In their response to the Williamses' Motion for Summary Judgment, Rosales
and Ontiveros stated that they "received a letter from Plaintiffs which indicated that
she needed to leave the house by April 11, 2008 and how much Defendants [Rosales
and Ontiveros] needed to pay for the rent of the house." Rosales and Ontiveros
contend that they paid the Williamses an agreed amount of $558 to cover rent for
April 1 through 11, which was accepted by the Williamses. Accordingly, there is a
fact issue regarding the amount of rent actually owed. 

 Similarly, the Williamses have failed to conclusively prove the reasonableness
of their claimed damages for reletting the property. In the affidavit of Kimberly
Williams, she states that on April 28, 2008, she hired a staging company to enhance
the attractiveness of the property, which cost $360. The terms of the contract called
for the company to place a home manager in the house. In other words, Williams
entered into an agreement to pay someone to occupy the house, rather than finding
a tenant to pay her rent to occupy the house. Following this statement in the affidavit,
she says she "aggressively marketed" the property. Because she does not state that
she attempted to lease the property prior to entering the contract with the staging
company, she has not shown that paying someone to occupy the house was
reasonably necessary to find a new tenant.

 3. Deductions from Security Deposit 

 Lastly, Rosales and Ontiveros argue that a genuine issue of material fact
existed as to whether they returned the property in good condition and whether
deductions from their security deposit were warranted. Per the terms of the lease,
Rosales and Ontiveros provided a security deposit totaling $1,470. In the Williamses'
Motion for Summary Judgment, they alleged that an itemized list of security deposit
deductions was sent to Rosales and Ontiveros. As summary judgment evidence, the
Williamses attached a letter addressed to Rosales and Jose Ontiveros claiming
property damage in the amount of $1,545. The letter states that the security deposit
was depleted in order to make the necessary repairs to the property. The Williamses
claimed in their Motion that they were entitled to $250, for the amount of damages
to the property that exceeded the amount of the security deposit.

 Appellants argue that the Williamses have not proved the amounts of damage
to the property. Rosales and Ontiveros allege that they returned the property in good
condition and attempted to return the key to the property to Kimberly Williams, but
she failed to meet at the house for the final walk-through.

 Rosales and Ontiveros have presented a genuine fact issue. First, the difference
between the deposit ($1,470) and the claimed amount of property damage ($1,545)
is $75, so the Williamses' claim of $250 is unsupported. Furthermore, the Williamses
have not provided proof of damages beyond reasonable wear and tear or that the
amounts claimed were reasonable.

 The Williamses argue that we should not consider this issue on appeal because
"Appellants have never challenged the deposit deductions by written motion, answer,
or other response, nor have Appellants claimed bad faith deductions in effort to
recover security deposit deductions." Contrary to the Williamses' assertion, the issue
was addressed by the Plaintiffs' Original Petition and by Rosales and Ontiveros's
general denial to the allegations stated in the Plaintiffs' Original Petition. This fact
issue was again raised in Rosales and Ontiveros's response to the motion and
supported by the attached affidavit of Rosales. The Williamses did not object to
Rosales's response and affidavit before the trial court. Thus, the issue of whether the
Williamses wrongfully retained Rosales and Ontiveros's security deposit was
properly before the trial court and can be considered by this Court on appeal.

 Additionally, the Williamses cite to Rule 166a(a) and argue that they were "not
required to prove the amount of damages, only that damages were incurred."
However, Rule 166a(a) provides, "A summary judgment, interlocutory in character,
may be rendered on the issue of liability alone although there is a genuine issue as to
amount of damages." Tex. R. Civ. P. 166a(a). Thus, Rule 166a(a) would not support
our affirmance of the trial court's summary judgment in its entirety where the
claimants have failed to show that there is no genuine issue as to amount of damages. 
Rather, Rule 166a(a) permits a court to adjudge liability by partial summary judgment
and then try damages issues on their merits. See, e.g., Hanover Fire Ins. Co. v. Bock
Jewelry Co., 435 S.W.2d 909, 919 (Tex. Civ. App.--Dallas 1968, writ ref'd n.r.e.). 

 We hold that the trial court erred in granting summary judgment in favor of the
Williamses on their claim for breach of contract because material fact issues existed
as to damages. Thus, we sustain Rosales and Ontiveros's two issues on appeal.

C. Disposition

 Rule 44.1(b) of the Texas Rules of Appellate Procedure provides, "The court
may not order a separate trial solely on unliquidated damages if liability is contested." 
Tex. R. App. P. 44.1(b). "If a party files a general denial in the trial court, that
pleading puts a plaintiff to his or her proof on all issues, including liability; its effect
extends to contesting liability in the event of remand on appeal." Estrada v. Dillon,
44 S.W.3d 558, 562 (Tex. 2001). "A party's failure to present on appeal an additional
discrete challenge to liability when that party challenges damages does not defeat the
plain language of rule 44.1(b) proscribing a separate trial on unliquidated damages
when liability is contested." Id. 

 In the present case, Rosales and Ontiveros contested liability by filing general
denials. Since Rule 44.1(b) proscribes a separate trial on unliquidated damages when
liability is contested, we remand the issue of breach of contract liability as well as
breach of contract damages. See Tex. R. App. P. 44.1(b); Estrada, 44 S.W.3d at 562. 

D. Attorney's Fees and Court Costs

 Additionally, we reverse and remand the Williamses' claim for attorney's fees
and court costs. The Williamses based their claim for attorney's fees and court costs
on the lease contract. Under its terms, a "prevailing party" is entitled to recover
attorney's fees and costs. Because we reverse and remand the underlying claim for
breach of contract, we also reverse and remand the award of attorney's fees and court
costs. 






Conclusion

 We reverse the trial court's final summary judgment in its entirety and remand
for further proceedings. 

 George C. Hanks, Jr.

 Justice


Panel consists of Justices Jennings, Hanks, and Bland.
1. The Williamses also argues that appellants' brief was not timely filed and, accordingly, that
we should dismiss the case for want of prosecution. However, the record reveals that
appellants' brief was due on July 6, 2009 and was filed on that day.