

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-24-00533-CV

Clint **TUMA**,
Appellant

v.

Dennis **BROWNLEY**,
Appellee

From the 198th Judicial District Court, Kerr County, Texas
Trial Court No. 22523B
Honorable M. Patrick Maguire, Judge Presiding

Opinion by:    H. Todd McCray, Justice
Concurring Opinion by: Lori Massey Brissette, Justice

Sitting:       Lori I. Valenzuela, Justice
               Lori Massey Brissette, Justice
               H. Todd McCray, Justice

Delivered and Filed: June 4, 2025

AFFIRMED

Clint Tuma appeals the granting of Dennis Brownley's summary judgment motion finding Tuma breached a contract with Brownley for taxidermy services. In his sole issue, Tuma asserts that the trial court erred in granting summary judgment because Brownley's own petition, pleadings, and evidence established a statute of limitations defense, raising a genuine issue of material fact. We affirm.

## BACKGROUND

Tuma is a hunting guide and taxidermist. Brownley is a big-game hunter. Several years ago, Tuma agreed to perform taxidermy services for Brownley. In 2022, Brownley filed suit against Tuma, seeking damages for funds paid or loaned for never-completed taxidermy on twenty-eight animals. Brownley asserts the industry standard for preparing an animal is 12-18 months, but that he has been waiting for the mounts for 5-8 years. However, Brownley does not specify when the parties agreed the mounts would be delivered—asserting only that, at some point after Tuma began working on the animals, Tuma "promised to deliver all the mounts within the year, or by various other certain dates."

Tuma, proceeding *pro se*, filed an answer. Tuma's answer does not contain a general denial and does not assert a statute of limitations defense. Instead, Tuma asserts that he was originally supposed to complete the taxidermy work for Brownley by 2025, and that he has already "completed dozens of mounts" and other work for Brownley. He claims that any delay in the delivery of mounts arises from, among other reasons: 1) Brownley doubling the number of animals Tuma was to work on over the past eight years; Brownley changing the priority of which mounts are to be completed first; and Brownley asking Tuma to pause all work for a year while Brownley was building a new home.

Neither side produced a written agreement or asserted a written agreement governs the dispute. Brownley moved for a traditional summary judgment on his contract claims. Tuma appeared at the hearing but did not submit a response to the motion.[1] The trial court granted Brownley's motion and rendered summary judgment on June 4, 2024, awarding Brownley monetary damages, attorney's fees, interest, and court costs. Tuma—now represented by

---

[1] The record does not include a transcript of this hearing.

counsel—filed a motion for a new trial on July 5, 2024. The trial court denied the motion, and Tuma appealed the summary judgment.

STANDARD OF REVIEW

"The standard for reviewing a summary judgment under Texas Rule of Civil Procedure 166a(c) is whether the successful movant at the trial level carried its burden of showing that there is no genuine issue of material fact, and that judgment should be granted as a matter of law." *Gill v. Hill*, 688 S.W.3d 863, 868 (Tex. 2024), *cert. denied*, 145 S. Ct. 274 (2024); TEX. R. CIV. P. 166a(c). "If the movant carries this burden, the burden shifts to the nonmovant to raise a genuine issue of material fact precluding summary judgment." *Lujan v. Navistar, Inc.*, 555 S.W.3d 79, 84 (Tex. 2018). We review a trial court's summary judgment ruling de novo. *See Tarr v. Timberwood Park Owners Ass'n, Inc.*, 556 S.W.3d 274, 278 (Tex. 2018)."Under Texas law, a plaintiff is not required to move for summary judgment on the defendant's affirmative defenses and has no obligation to negate those defenses." *Marx v. FDP, LP*, 474 S.W.3d 368, 377–78 (Tex. App.—San Antonio 2015, pet. denied). "If the defendant wishes to assert an affirmative defense to the motion, he must urge the defense in his response and present sufficient evidence to create a fact issue on each element of the defense." *Johnson v. Johnson*, No. 02-10-00296-CV, 2011 WL 3426223, at *1 (Tex. App.—Fort Worth, Aug. 4, 2011, no pet) (collecting cases); *see also Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex. 1984) ("If the party opposing a summary judgment relies on an affirmative defense, he must come forward with summary judgment evidence sufficient to raise an issue of fact on each element of the defense to avoid summary judgment.").

**DISCUSSION**

It is undisputed that Tuma did not plead the affirmative defense of limitations in this matter. However, in his sole issue on appeal, Tuma asserts the trial court still erred by granting Brownley's motion for summary judgment because Brownley's petition anticipated the limitations defense, and Brownley's own summary judgment evidence established this defense as a matter of law.[2] We disagree.

In support of his position that Brownley's petition anticipates the affirmative defense of limitations, Tuma points to Brownley's assertion in his petition that he "has been waiting approximately 5-8 years to receive most of the taxidermy." However, Tuma fails to adequately explain how this single assertion "anticipates" the defense of limitations. The rules of appellate procedure require an appellant's brief to contain "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i). "This requirement is not satisfied by merely uttering brief conclusory statements." *Taylor v. Schultz*, No. 04-22-00093-CV, 2024 WL 1421823, at *2 (Tex. App.—San Antonio Apr. 3, 2024, pet. denied) (mem. op.) (quoting *Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App.—El Paso 2007, no pet.)). We therefore conclude Tuma did not present this issue for our review. *See*, *e.g.*, *Tchernowitz v. The Gardens at Clearwater*, No. 04-15-00716-CV, 2016 WL 6247008, at *3 (Tex. App.—San Antonio Oct. 26, 2016, no pet.) ("We have repeatedly held that when an appellant's brief fails to contain a clear and concise argument for the contentions made with appropriate citations to authorities and the record, nothing is presented for our review.").

Even were we to consider Tuma's assertion, we would conclude that the affirmative defense of limitations was never at issue in the underlying matter.

---

[2] In the matter before us, Tuma has not challenged the trial court's summary judgment ruling on the merits. Accordingly, that issue is not before us. *See Wells Fargo Bank, N.A. v. Murphy*, 458 S.W.3d 912, 916 (Tex. 2015) ("A court of appeals commits reversible error when it sua sponte raises grounds to reverse a summary judgment that were not briefed or argued in the appeal.").

"As a general rule, an affirmative defense must be pleaded or it is waived." *Phillips v. Phillips*, 820 S.W.2d 785, 789 (Tex. 1991) (citing Tex. R. Civ. P. 94). However, "Rule 94's requirement of pleading is not absolute." *Shoemake v. Fogel, Ltd.*, 826 S.W.2d 933, 937 (Tex. 1992). "It is a well-established rule of pleading in our court that facts alleged by one party need not be pleaded by the other." *Maryland Cas. Co. v. Hudgins*, 97 Tex. 124, 128, 76 S.W. 745, 747 (1903) (collecting cases). Therefore, "[a] general denial of matters pleaded by the adverse party which are not required to be denied under oath, shall be sufficient to put the same in issue." TEX. R. CIV. P. 92.

Accordingly, "[w]hen a plaintiff in his pleadings anticipates defensive matters and pleads them, a defendant may rely upon the defenses though his only pleading is a general denial." *Raney v. White*, 267 S.W.2d 199, 200 (Tex. Civ. App—San Antonio 1954, writ ref'd).

> Usually the averments of the petition settle any question as to whether the defendant must plead any particular matter specially; that is to say, if the plaintiff has anticipated some defense that would more properly have been raised in the defendant's pleading, then the defendant need not plead such facts.

*Zeigler v. Latham*, 144 S.W.2d 435, 440 (Tex. Civ. App.—Fort Worth 1940, no writ) (citation omitted). Thus, for the exception to Rule 94 to apply, two things must occur: a plaintiff must anticipate the defense, pleading facts sufficient to raise the matter, ***and*** a defendant must deny those facts to put the matter at issue. Here, neither aspect is met.

First, we would conclude that Brownley's petition does not "anticipate" a statute of limitations defense. Brownley neither asserts an accrual date for his claims (which might establish the statute of limitations has expired) nor attempts to present a defense as to why said limitations would not apply. As explained more fully by our sister court, because a general denial only puts plaintiff's assertions at issue, for a plaintiff's petition to have been deemed to anticipate an affirmative defense, it must not require any other factual assertions to establish an affirmative defense.

> The facts alleged by appellee, together with the [general denial] of appellants, do not present the whole defense in the absence of a pleading of facts . . . . Merely duplicating the allegations found in appellee's pleading in an affirmative form would not have presented appellants' defense. We cannot say from reading the pleading that appellee was anticipating defensive matter.

*Herrin Transp. Co. v. Parker*, 425 S.W.2d 876, 879–80 (Tex. Civ. App.—Houston [1st Dist.] 1968, writ ref'd n.r.e.).

Second, even if Brownley's petition had anticipated a statute of limitations defense, Tuma failed to put those allegations at issue when he failed to generally deny them.[3] Accordingly, Tuma never put the affirmative defense of limitations at issue. *Phillips*, 820 S.W.2d at 789.[4]

## CONCLUSION

Having overruled Tuma's sole issue on appeal, we affirm the trial court's judgment.

H. Todd McCray, Justice

---

[3] To the contrary, Tuma's answer asserts facts, including that he had until 2025 to complete the mounts, suggesting Brownley's breach claims may not yet have accrued—***not*** that they had already accrued and limitations had run.

[4] Finally, because Brownley's petition did not demonstrate that limitations had run, Tuma still had the burden to establish the affirmative defense. *See Lightfoot v. Weissgarber*, 763 S.W.2d 624, 627 (Tex. App.—San Antonio 1989, writ denied) ("Where the petition shows on its face that limitations has run, the burden on summary judgment is upon the non-movant to avoid limitations, but where this is not established, as in the present case, the burden is upon the movant, as part of the affirmative defense of limitations, to establish when limitations commenced."); *Marx v. FDP, LP*, 474 S.W.3d 368, 377–78 (Tex. App.—San Antonio 2015, pet. denied). "Under Texas law, a plaintiff is not required to move for summary judgment on the defendant's affirmative defenses and has no obligation to negate those defenses."). Tuma's failure to file a response to Brownley's motion for summary judgment would also have doomed this appeal. *See Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex. 1984) ("If the party opposing a summary judgment relies on an affirmative defense, he must come forward with summary judgment evidence sufficient to raise an issue of fact on each element of the defense to avoid summary judgment."); *Johnson v. Johnson*, No. 02-10-00296-CV, 2011 WL 3426223, at *1 (Tex. App.—Fort Worth Aug. 4, 2011, no pet) ("If the defendant wishes to assert an affirmative defense to the motion, he must urge the defense in his response and present sufficient evidence to create a fact issue on each element of the defense.") (collecting cases).