**HERRIN TRANSPORTATION CO., Inc., et al., Appellants,**

v.

**William PARKER, Appellee.**

No. 15153.

Court of Civil Appeals of Texas.

Houston (1st Dist.).

March 7, 1968.

Rehearing Denied March 28, 1968.

Danny R. Edwards, Joel B. McCarty, Jr., Houston, for appellants.

Jim Brannon, Houston, D. L. McClure, Houston, of counsel, for appellee.

COLEMAN, Justice.

This is a suit for damages for personal injury. A judgment for the plaintiff was entered on a jury verdict. The principal questions raised on this appeal concern whether the trial court abused his discretion in refusing to permit the filing of an amended answer raising for the first time the defenses of contributory negligence and unavoidable accident when such answer was presented during the trial; whether the plaintiff by pleading that "he was proceeding in a careful and prudent manner," and "having due regard for his own safety and the safety of others" so anticipated the affirmative defense of contributory negligence as to place it in issue by the defendants' general denial.

In Vermillion v. Haynes, 147 Tex. 359, 215 S.W.2d 605 (1948), a case was reversed by reason of the action of the trial court in refusing permission to file a trial amendment tendered after the evidence was closed. The court noted that Rule 66, Texas Rules of Civil Procedure, authorizes the filing of such amendments during the trial and directs the trial court to permit such amendment of the pleading freely when the merits of the action will be subserved there-

by and the objecting party fails to satisfy the court that the allowance of such amendment would prejudice him in maintaining his action or defense upon the merits. The only reasons presented by the objecting party for refusing to allow the amendment was the delay of more than a year in filing the amendment, and that it was tendered after the evidence was closed and without previous notice. The court said:

" * * * It will be observed that these objections carried neither suggestion nor hint that the respondents were in any manner surprised or unprepared to meet the issues raised by the amendment; nor did they suggest that, in this trial without a jury, the amendment would otherwise prejudice them in maintaining their action on the merits. * * * Under those circumstances, we think that both the spirit and intent of Rule 66 required that the amendment be permitted. * * *"

Rule 63, T.R.C.P., authorizes a party to file amended pleadings within seven days of the date of the trial or thereafter only after leave of the judge is obtained, but provides that such leave shall be granted unless there is a showing that such an amendment will operate as a surprise to the opposite party.

The proposed amended pleading appears in the transcript. Endorsed on the amendment is the notation: "Leave to file denied", followed by the signature of the trial judge together with the date January 4, 1967. The statement of facts contains no mention of the fact that a trial amendment was offered. Neither the objections of the plaintiff nor the reasons for the actions of the trial court appear in the statement of facts or the transcript. The case went to trial on January 3, 1967.

■■ It is apparent from the wording of Rule 63 that the burden of convincing the trial court that the late filing of an amended pleading will operate as a surprise rests on the one resisting the filing of the pleading, as does the burden of showing prejudice in the case of a trial amendment offered under

Rule 66. However, the burden of demonstrating that the trial court erred in refusing to permit the amendment rests on the party contending that such action was not justified by the rules. The mere fact that the court refused to permit the amendment is not sufficient. The statements of fact concerning the circumstances attending the presentation and refusal of the amendment found in appellants' brief cannot be accepted since appellee has pointed out that they are not supported by the record, and thereby refuses to admit that the matter is fairly and fully presented. In the absence of a showing, either in the statement of facts or by bill of exception, of the facts attending the presentation of the amendment and the action of the trial court in refusing to permit it to be filed and considered, this court must presume that the trial court's action was correct under the circumstances, and that he did not abuse his discretion. Robertson v. Southwestern Bell Telephone Company, 403 S.W.2d 459 (Tex.Civ.App., Tyler 1966); Coffey v. Ft. Worth & D. Ry. Co., 285 S.W.2d 453 (Tex.Civ.App., Eastland 1955).

■■ Appellants requested certain special issues presenting the defense of contributory negligence. In the absence of proper pleadings the trial court properly refused these issues. Coffey v. Ft. Worth & D. Ry. Co., supra. While appellants contend that the issues must be considered tried by consent since evidence raising them was introduced without objection, this position is not sound. Evidence presenting in detail the manner in which appellee was operating his vehicle was properly admitted as part of the circumstances existing at the time of and just prior to the collision for the consideration of the jury in determining the issues on negligence and proximate cause presented in the charge of the court even though the issues to be submitted would necessarily direct the attention of the jury to the conduct of appellants only. Safety Casualty Co. v. Teets, 195 S.W.2d 769 (Tex. Civ.App., Beaumont 1946, writ ref.).

Appellants contend that the trial court should have submitted their requested issues on "swerve", "lookout" and "brakes" on the theory that these issues were anticipated by appellee in his pleading to the effect that he was driving in a careful and prudent manner with due regard for his safety and the safety of others, and, therefore, were raised by appellants' general denial. In support of this theory they cite Zeigler v. Latham, 144 S.W.2d 435 (Tex.Civ.App., Ft. Worth 1940), and Raney v. White, 267 S.W.2d 199 (Tex.Civ.App., San Antonio 1954, writ ref.).

Zeigler v. Latham was a suit for a real estate commission. The plaintiff alleged that the property was listed with him for sale and that said property "was continued to be listed with plaintiff from and after said date, * * *: that defendant at no time withdrew said listing * * *." The defendant answered with a general denial. In its opinion the court said:

"* * * Where, as in this case, plaintiff anticipated defensive matters, such as that the listing with him had not been withdrawn or terminated, and defendant plead the general denial, she should not have been denied the right to offer testimony because she had not duplicated the allegation of plaintiff in an affirmative form; the pleadings were sufficient to raise the issue and when testimony was offered by either party on the issue, it should have been admitted. * * *"

This general statement of the rule was approved in Raney v. White, supra. In that case a landlord suing for reasonable rental value of certain premises alleged on information and belief that the tenant was asserting some character of a claim as an offset against the rentals due. Before the defendant filed an answer to the merits the plaintiff amended his petition omitting all reference to the claimed offset. The court distinguished this case from Zeigler v. Latham by pointing out that the plaintiff had never admitted the truth of the facts on which the claimed offset was based, and

that since the petition was amended before a general denial was filed, no issue was raised by the pleadings.

Maryland Casualty Co. v. Hudgins, 97 Tex. 124, 76 S.W. 745 (1903), was cited in Zeigler v. Latham. This case held: "* * * The facts alleged in the petition, taken in connection with the answer of defendant, were sufficient to present the whole defense claimed by the defendant. It is a well-established rule of pleading in our court that facts alleged by one party need not be pleaded by the other." (Citations omitted)

In an address delivered by Robert W. Stayton before the Dallas Bar Association October 4, 1941, a portion of which is quoted in connection with Rule 85, T.R.C.P., Vol. 1, p. 357, he states:

"Because the general denial is undoubtedly an undesirable part of our practice, I only have to mention the numerous unpleaded theories that may come in under it and that have given so much trouble in special issue submissions. * * *

"This mischief has to some extent been met in the new rules. It is there provided that no special issue may be submitted under a general denial theory unless specifically pleaded. * * *"

Rule 94, T.R.C.P., specially provides that in pleading to a preceding pleading, a party shall set forth affirmatively contributory negligence.

■ While the general rule quoted in Raney v. White was approved by the refusal of an application for a writ of error, there would seem to be no reason to extend the rule, and in view of Rules 94, 63, and 66, it would seem that the better practice would be to restrict that doctrine to cases clearly coming within its purview. We think this not such a case. The facts alleged by appellee, together with the pleading of appellants, do not present the whole defense in the absence of a pleading of facts, which the jury could find to be negligence on the part of appellee and a proximate cause of the occurrence. Merely duplicating the allega-

tions found in appellee's pleading in an affirmative form would not have presented appellants' defense. We cannot say from reading the pleading that appellee was anticipating defensive matter.

After the trial of this case was concluded, appellants discovered that appellee was also known by an alias, "Joe Henderson". Appellee failed to disclose this fact in answer to an interrogatory propounded to him prior to trial. This matter was presented to the trial court in appellants' motion for new trial together with the contention that had the jury known of the alias "Joe Henderson", together with the circumstances surrounding the use of such alias, a different verdict would have resulted. In connection with the motion for new trial an affidavit was filed to the effect that appellee was charged before the U. S. Commissioner with the offense of converting to his own use certain copper of a value in excess of $800.-00 while employed at N.A.S.A., on or about December 16, 1966. The charge was entitled "United States v. William Parker also known as Joe Henderson".

This charge was filed after the conclusion of this trial. The interrogatories were answered on November 10, 1965, more than a year prior to the date on which the offense was alleged to have occurred. There is no showing that the answer made was not true at that time. While appellee was asked his name at the trial, he was not asked whether he had ever used an alias. There is nothing to show that an investigation of "Joe Henderson" would have led to evidence helpful to appellant in time for use at the trial. From a review of the entire record, we cannot say that the newly discovered evidence was of such a vital nature that its use before a jury on a new trial would probably have resulted in a different verdict. 41 Tex.Jur.2d, New Trial, § 118, p. 297. The Trial Court did not abuse its discretion in denying the motion for new trial.

The judgment of the Trial Court is affirmed.

Affirmed.