**Lavoyd Wayne HARDIN, Appellant,**

v.

**Joan Murle HARDIN, Appellee.**

**No. 5313.**

Court of Civil Appeals of Texas, Eastland.

July 5, 1979.

Rehearing Denied July 26, 1979.

Jim Parker, Comanche, for appellant.

Keith Woodley, Sudderth, Woodley & Dudley, Comanche, for appellee.

McCLOUD, Chief Justice.

Plaintiff, Joan Murle Hardin, sued her former husband, Lavoyd Wayne Hardin, on a promissory note in the original principal sum of $25,000. On the date set for trial, defendant attempted to file an amended answer containing several affirmative defenses. The court denied defendant leave to file the amended pleading. The case proceeded to trial, and the court entered judgment for plaintiff for $23,500 plus interest and attorney's fees. The court also ordered foreclosure of a deed of trust lien, securing the note, on property owned by defendant. Defendant has appealed. We reverse and remand.

Defendant filed a pro se answer on July 28, 1978. The case was set for trial for October 20, 1978. Defendant employed an attorney on October 18, 1978. The attorney on that date filed a motion for continuance which was granted continuing the case until October 27, 1978. On October 27, 1978, the attorney filed a second motion which was granted continuing the case until November 2, 1978. On November 2, 1978, defendant and his attorney were present for trial and at that time attempted to file an answer amending the original handwritten "answer" filed by defendant. The court refused to grant leave to file the amended pleading.

Defendant states in his brief that the continuance granted by the court on October 27, 1978, continuing the case to November 2, 1978, was for the "purpose of filing pleadings." This statement is not challenged by appellee. Tex.R.Civ.P. 419. Defendant points out that there are only six days between October 27 and November 2.

Tex.R.Civ.P. 63 provides:

Parties may amend their pleadings, file suggestions of death and make representative parties, and file such other pleas as they may desire by filing such pleas with the clerk at such time as not to operate as a surprise to the opposite party; provided, that any amendment offered for filing within seven days of the date of trial or thereafter, or after such time as may be ordered by the judge under Rule 166, shall be filed only after leave of the judge is obtained, *which leave shall be granted by the judge unless there is a showing that such amendment will operate as a surprise to the opposite party.* (Emphasis added)

The rule clearly requires that the party opposing an amendment show that such amendment will operate as a "surprise" to him. Plaintiff's only objection to the tendered amendment was that it had not "been filed within the seven day rule." He made no objection, as required by Rule 63, that the proposed amended answer would "operate as a surprise" to him. There is no "showing" in the record that the amendment would operate as a surprise. The record will not support an implied finding by the trial court that the amendment would operate as a surprise. There are several cases holding that it is not an abuse of discretion to deny leave to file an amend-

ment on the day set for trial. In those cases, however, there was an objection that the amendment would operate as a surprise. *Box v. Associates Investment Company,* 389 S.W.2d 687 (Tex.Civ.App.—Dallas 1965, no writ); *Roeber v. DuBose,* 510 S.W.2d 126 (Tex.Civ.App.—Corpus Christi 1974, no writ). No such objection was made in the instant case. Also, this is not a case where the transcript merely shows the amendment was tendered and refused. *Herrin Transportation Co. v. Parker,* 425 S.W.2d 876 (Tex.Civ.App.—Houston (1st Dist.) 1968, writ ref'd n. r. e.); *Patino v. Texas Employers Insurance Association,* 491 S.W.2d 754 (Tex.Civ.App.—Austin 1973, writ ref'd n. r. e.). The statement of facts in the instant case reflects clearly the circumstances surrounding the tendered amendment and the objections thereto.

We hold that the trial court, since the objection failed to assert surprise and there is no showing of surprise, abused its discretion in not granting leave to file the amended answer. See *Vermillion v. Haynes,* 147 Tex. 359, 215 S.W.2d 605 (1948).

Judgment of the trial court is reversed, and the cause is remanded for a new trial.