Campbell, J., concurred in result only and filed opinion in which Steakley, J., joined.

**Joan Murle HARDIN, Petitioner,**

v.

**Lavoyd Wayne HARDIN, Respondent.**

No. B–8801.

Supreme Court of Texas.

April 2, 1980.

Rehearing Denied May 7, 1980.

Sudderth, Woodley & Dudley, Keith Woodley, Comanche, for petitioner.

Jim Parker, Comanche, for respondent.

DENTON, Justice.

The issue in this case is whether the trial court abused its discretion by denying leave to file an amended answer on the day set for trial. The court of civil appeals reversed and remanded holding that the trial court had abused its discretion in that the objection to the amendment had failed to affirmatively assert surprise and there had been no showing of surprise. We reverse the judgment of the court of civil appeals and affirm the trial court's judgment. 584 S.W.2d 384.

Joan and Lavoyd Hardin were divorced in 1976. A property settlement agreement signed by both parties was incorporated into the divorce judgment. The pertinent part of the divorce court's property division ordered Lavoyd Hardin to execute a promissory note to Joan Hardin in payment of her community property interest in the family farm. The promissory note was secured by the entire farm property, and was to be paid in annual installments. Mr. Hardin defaulted on the note, and Mrs. Hardin elected to accelerate the balance due. She brought suit on the unpaid balance of the note and for foreclosure on July 25, 1978. Mr. Hardin filed a pro se general denial on July 28, 1978, which alleged that the note and deed of trust were "wrong."

On October 18, 1978, shortly before the original trial setting, the defendant, Mr. Hardin, employed an attorney to represent him. The next day the defendant filed the first motion for continuance which the trial court granted. The case was then set for trial on October 27, 1978. On October 26, 1978, the defendant filed a second motion for continuance. In the hearing on the second motion for continuance, defense counsel stated that he had been in trial the preceding week and would need more time to prepare the case and requested that the case be continued until November 2, 1978. No mention was made, either at the hearing or in the motion for continuance, that the delay was for the purpose of filing amended pleadings or affirmative defenses. The delay was reluctantly agreed to by the plaintiff, and the trial court granted a continuance until November 2, 1978.

On the day trial was to begin, the defendant filed an amended answer which set forth the following affirmative defenses to the promissory note: (1) duress; (2) failure of consideration; (3) fraud; (4) illegality; and (5) unjust enrichment. The plaintiff objected to these amendments on the basis

of the "seven day rule," which both parties concede was a reference to Rule 63 Tex.R. Civ.Pro. The trial court after determining the basis of the affirmative defenses, sustained the objection and ordered that the affirmative defenses be stricken. The defendant's motion for another continuance was denied. The case was then tried, and the trial court found in favor of the plaintiff, Mrs. Hardin, and granted a foreclosure on the farm property.

The court of civil appeals reversed and remanded holding that there had been no objection on the basis of surprise, and that there had been no showing that the amendments would have operated as a surprise. 584 S.W.2d 384. The court of civil appeals held that the plaintiff had "made no objection, as required by Rule 63, that the proposed amended answer would 'operate as a surprise.'" *Id.* at 385.

The defendant's position is that it would have been impossible for him to file an amended answer within seven days of trial when the continuance was only for six days. It is argued that there was no objection to the amendments on the grounds of surprise, so that the objection on the basis of the "seven day rule" was necessarily referable only to the time of filing.

Plaintiff argues that an objection to an amended answer filed on the day trial is set on the basis of the "seven day rule" necessarily encompasses an objection on the grounds of surprise. It is argued that the rule does not require the word "surprise" to be included in such an objection, if it can be seen from the amendments objected to that the trial court was satisfied that surprise was the basis of the objection.

Rule 63 Tex.R.Civ.Pro. reads as follows:

Parties may amend their pleadings, . . . and file such other pleas as they may desire by filing such pleas with the clerk at such time as not to operate as a surprise to the opposite party; provided, that any amendment offered for filing within seven days of the day of trial or thereafter, . . . shall be filed only after leave of the judge is obtained, which leave shall be granted by the judge unless there is a showing that such amendment will operate as a surprise to the opposite party.

 If a trial amendment is sought within seven days of trial, but leave to file is denied, the language of Rule 63 requires that there be a showing of surprise to the opposite party. The rule does not require that an objection to such an amendment include the word "surprise." Assuming that the six day continuance was for the express purpose of allowing the defendant to file an amended answer, it does not follow that an objection on the basis of the "seven day rule" was referable only to the time of filing. Therefore, the objection could also be referable to the grounds of surprise contained within Rule 63.

 The right of amendment under Rule 63 is subject to the opposing party's right to show surprise, as determined in the exercise of the trial court's discretion. This showing may be based on the trial court's conclusion that the amendment on its face is calculated to surprise or that the amendment would reshape the cause of action, prejudicing the opposing party and unnecessarily delaying the trial. Therefore, in reviewing the trial court's ruling, the fact that the objection was not expressly based on the grounds of surprise is not controlling. Here, the plaintiff's objection on the basis of the "seven day rule" invoked consideration by the trial court of all matters relevant to an appropriate exercise of its discretion.

 When amendments which introduce new substantive matter have been refused by the trial court under Rule 63, the burden of showing an abuse of discretion is on the complaining party, rather than on the opposite party to show surprise. *Plata v. Guzman*, 571 S.W.2d 408 (Tex.Civ.App.—Corpus Christi 1978, writ ref'd n. r. e.); *See Herrin Transportation Co. v. Parker*, 425 S.W.2d 876 (Tex.Civ.App.—Houston [1st Dist.] 1968, writ ref'd n. r. e.); *Patino v. Texas Employers Ins. Assoc.*, 491 S.W.2d 754 (Tex.Civ.App.—Austin 1973, writ ref'd n. r. e.). On appeal, the trial court's ruling

will not be disturbed unless the complaining party clearly shows an abuse of discretion. *Victory v. State*, 138 Tex. 285, 158 S.W.2d 760 (1942); *Dillingham v. Lynch*, 516 S.W.2d 694 (Tex.Civ.App.—Austin 1974, writ ref'd n. r. e.).

■ The amendments to the answer which were denied attempted to set up affirmative defenses to the promissory note by means of collaterally attacking the property division of a prior divorce judgment. It is well established in Texas that a divorce judgment, unappealed, and regular on its face, is not subject to a collateral attack in a subsequent suit. *Faglie v. Williams*, 569 S.W.2d 557 (Tex.Civ.App.—Austin 1978, writ ref'd n.r.e.); *Marks v. Marks*, 470 S.W.2d 83 (Tex.Civ.App.—Tyler 1971, writ ref'd n. r. e.).

■ These amendments could not have been anticipated by the plaintiff, and had they been permitted, they would have prejudiced the plaintiff's presentation of the case and resulted in unnecessary delay. Therefore, the trial court's action in sustaining the objection to the amendments on the basis of the "seven day rule" and striking the amendments to the original answer was not an abuse of discretion.

The judgment of the court of civil appeals is reversed, and the judgment of the trial court is affirmed.

Concurring Opinion by CAMPBELL, J., in which STEAKLEY, J., joins.

CAMPBELL, Justice, concurring.

I concur in the result only. It is provided in Rule 63 [1] that leave to file amended pleadings within seven days "*shall* be granted by the judge *unless* there is a showing that such amendment will operate as a surprise to the opposite party."

Black's Law Dictionary states that "shall" as used in statutes, contracts or the like, generally means imperative or mandatory. Webster's Third New International Dictionary states that "shall" is used in laws, regulations or directives to show what

is mandatory. The common use of the word is to express a command or directive. The portion of Rule 63 which states "which leave shall be granted" is a mandatory directive to the court to grant leave to file the amended pleadings "unless there is a *showing* of surprise." The trial court has no discretion whether to grant leave to file unless there is a showing of surprise.

An objection is not a showing. I do not suggest that appellant should have included the words "I am surprised" in his objection, but, even if he had used those words it would not have been a showing of anything.

Under Rule 63, the burden of convincing the trial court that the late filing of an amended pleading will operate as a surprise rests on the party resisting the filing of the pleadings. However, the burden of demonstrating that the trial court erred in refusing to permit the amendment rests on the party contending that such action was not justified by the rules. The fact that the court refused to permit the amendment is not sufficient. The party tendering the late pleadings has the burden of showing, either by the statement of facts or by bill of exception, the facts attending the presentation of the amendment and the action of the trial court in refusing to permit it to be filed and considered. In the absence of such a showing the appellate court must presume the trial court did not abuse its discretion. *Herrin Transportation Co. v. Parker*, 425 S.W.2d 876 (Tex.Civ.App.—Houston [1st Dist.] 1968, writ ref'd n. r. e.). In *Herrin*, the proposed amended pleading appears in the transcript. Endorsed on the amendment is the notation "leave to file denied" and the signature of the trial judge. Neither the objections of the party resisting the filing nor the reasons for the actions of the trial court appears in the statement of facts or the transcript. The Court of Civil Appeals in the *Herrin* case correctly held that in the absence of a showing, either in the statement of facts or by bill of exception, of the facts attending the presentation of the amendment and the action of the trial court in refusing to permit

---

1. All statutory references are to Vernon's Texas Rules, Annotated.

it to be filed and considered, this Court must presume that the trial court's action was correct under the circumstances, and that he did not abuse his discretion.

The same circumstances occurred in *Patino v. Texas Employers Insurance Association*, 491 S.W.2d 754 (Tex.Civ.App.—Austin 1973, writ ref'd n. r. e.). The tendered trial amendment was included in the transcript and bears the notation "Refused," the trial judge's signature, and the time of the refusal. The statement of facts did not mention that the trial amendment was offered, the objections of the party resisting the filing, or the reasons for the action of the trial court. The *Patino* court correctly held that in the absence of a showing in the statement of facts or by bill of exception the appellate court must presume the trial court did not abuse its discretion.

In *Plata v. Guzman*, 571 S.W.2d 408 (Tex. Civ.App.—Corpus Christi 1978, writ ref'd n. r. e.), defendant, Guzman, in a non-jury trial, attempted to file a trial amendment (Rule 66) asserting for the first time the defense of limitations. Plaintiff objected on the ground of surprise but did not make any showing of surprise. The trial court refused to allow the amended pleading to be filed. The *Plata* opinion, like the majority opinion, erroneously states that the filing of a trial amendment is a matter within the discretion of the trial court and his decision will not be disturbed by an appellate court unless there is a clear showing of abuse of discretion.

That court, for authority, cites one of its own cases, *Roeber v. Dubose*, 510 S.W.2d 126 (Tex.Civ.App.—Corpus Christi 1974, no writ), for the proposition that something more than a request and a refusal must appear in the record before an appellate court may properly say that a trial court abused its discretion. *Roeber* is wrong because it relies on *Patino v. Texas Employers Insurance Association, supra*, for authority. *Patino* does not make that holding. It correctly holds that:

Under Rule 63 the burden of convincing the trial court that the late filing of an amended pleading will operate as a

surprise rests on the party resisting the filing of that pleading, as does the burden of showing prejudice in case of a trial amendment offered under Rule 66. However, the burden of demonstrating that the trial court erred in refusing to permit the amendment rests on the party contending that such action was not justified by the rules. The mere fact that the court refused to permit the amendment is not sufficient.

In the absence of a showing either in the statement of facts or by bill of exception, of the facts attending the presentation of the appellant's trial amendment and the action of the trial court in refusing to permit it to be filed, this Court will presume that the trial court did not abuse his discretion in denying the amendment. *Herrin Transportation Co. v. Parker*, 425 S.W.2d 876 (Tex.Civ.App. —Houston [1st Dist.] 1968, writ ref'd n. r. e.).

I disagree with the holdings in *Plata* refusing to allow the trial amendment to be filed. In that case the party did nothing more than *object* on the ground of surprise. There was no showing of harm, prejudice or surprise. The statement of facts shows the facts attending the presentation of the amendment and the action of the trial court in refusing to permit it to be filed and considered. All that is shown is a tender, objection on the ground of surprise and the court's refusal. The objecting party did not attempt to meet the burden of *showing* of prejudice as required by Rule 66, *Herrin, supra*, and *Patino, supra*.

The cases show the same rule is applied to Rule 63 and Rule 66. In *Vermillion v. Haynes*, 147 Tex. 359, 215 S.W.2d 605 (1948), this Court reviewed the refusal of a trial court to permit a trial amendment to be filed raising the defense of limitations. This Court, after quoting Rule 66, stated:

The language of that rule, as applied to the facts of this case, convinces us that the trial court erred in striking the trial amendment. The rule directs that the court shall "freely" allow an amendment if to do so will subserve the "presentation

of the merits of the action" and the other party fails to satisfy the court that the amendment will prejudice him in maintaining his action or defense on the merits. Here the respondents' objections were that the petitioner had neglected for more than a year to file the amendment, that it was tendered after the evidence was closed and without previous notice, and that it was without merit or support in the evidence and would prevent equity being done. It will be observed that these objections carried neither suggestion nor hint that the respondents were in any manner surprised or unprepared to meet the issues raised by the amendment; nor did they suggest that, in this trial without a jury, the amendment would otherwise prejudice them in maintaining their action on its merits. The statement that "it was without merit" and "would prevent equity being done" amounted to no more than an opinion or conclusion of the pleader, the soundness of which may well be open to question. Under those circumstances, we think that both the spirit and intent of Rule 66 required that the amendment be permitted.

The majority opinion cites the case of *Victory v. State*, 138 Tex. 285, 158 S.W.2d 760 (1942), for the holding that "on appeal, the trial court's ruling will not be disturbed unless the complaining party clearly shows an abuse of discretion." *Victory v. State* does not stand for the proposition that the trial court can do no wrong and may determine in its own discretion that, without a showing, a trial amendment may not be filed. In that case, the State was granted leave to file three trial amendments. Victory objected on the grounds that: "He was not apprised of the contents of the amendment until five minutes before the time set for the hearing; he was only given one hour within which to acquaint himself with the contents and to prepare to meet the issues raised; that the amendments raised new issues that they were not prepared to meet; that to re-open the case on such issues would greatly injure him; and, that they could not procure witnesses and testimony necessary to protect their interests." The court, in its findings, found that Victory was not surprised in that the amendments set up no new matter. This Court held these amendments raised no additional issues in the cause and could not possibly result in any injury to plaintiffs. In *Victory* we have a tendered amendment, objections, attempts to show harm and a finding by the trial court. This Court held there was no showing of an abuse of discretion.

In the case before us, the statement of facts shows the circumstances surrounding the tendering of the pleadings and the court's refusal. Defendant tendered the amended pleading, plaintiff objected on the basis of the seven-day rule, and the court refused the filing without stating a reason. The court allowed defendant six days within which to file pleadings and pleadings were filed within the six days, although on the last day. I would hold that the court abused its discretion in failing to allow the pleadings to be filed. However, this error is harmless as the pleadings attempted to be filed constituted a collateral attack on a final divorce judgment. As such, this judgment is not subject to a collateral attack in a subsequent suit. *Faglie v. Williams*, 569 S.W.2d 557 (Tex.Civ.App.—Austin 1978, writ ref'd n. r. e.).

Where discretion is allowed, it must be exercised in accordance with fixed principles or rules of law. The rule here is that leave must be granted unless there is a showing of surprise. A showing may be made from the records, by evidence or by reason. There may be surprise as a matter of law if the proposed amended pleadings assert a new and independent cause of action or defense. If there is not surprise as a matter of law, the trial court must grant leave to file unless the objecting party shows surprise. The determination of surprise must be made in accordance with the established principle that amendments are to be freely allowed. An objection that the filing violates the seven-day rule is not a showing. It may be sufficient to invite the court's consideration that the amendment

constitutes surprise as a matter of law, but it is not a showing.

STEAKLEY, J., joins in this concurring opinion.