COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| LOWER VALLEY WATER DISTRICT, | § | No. 08-20-00134-CV |
| Appellant, | § | Appeal from the |
| v. | § | 448th Judicial District Court |
| DANNY SANDER CONSTRUCTION, INC., | § | of El Paso County, Texas |
| Appellee. | § | (TC# 2017DCV2643) |

## **O P I N I O N**

This is an appeal from a final judgment rendered in favor of Appellee, Danny Sander Construction, Inc., for a breach of contract claim. In three issues, Appellant, Lower Valley Water District, argues the trial court erred in submitting a jury question, in denying Appellant's motion for leave to file an amended answer, and challenges the sufficiency of the evidence to support the jury's award of Appellee's damages. We affirm.

### *Factual Background*

In 2014, Appellant sought bids for a project in Clint, Texas for the construction of water main improvements in the town. Appellee submitted the bid ultimately accepted by Appellant. The parties entered into a contract for the project with an original price of approximately $1.9 million. While the project was underway, the parties signed two change orders regarding the scope of work.

Change Order #1, which is at issue in the case, increased the original contract price by $110,170, and was signed by a representative of Appellee, the engineer hired by Appellant, and Appellant's general manager. Change Order #1 was approved by Appellant. The work described in Change Order #1 proposed an extension of an existing water line and, according to Appellant, was conditional upon funding approval from the Texas Water Development Board (TWDB). Approval from the TWDB required obtaining an easement from a private landowner, whose property the extended line would run. However, Appellant was never able to obtain the required easement.

During the project, Appellee submitted payment applications to Appellant on an ongoing basis as work was completed. Appellee also repeatedly inquired about the status of beginning work on Change Order #1. Evidence presented at trial indicates Appellant notified Appellee about the difficulty of obtaining approval to proceed on Change Order #1, but nevertheless indicated it believed work would eventually commence. However, after months of delays and inability to start work under Change Order #1, Appellant notified Appellee it intended to close work on the project and not proceed with the work contemplated under Change Order #1. Appellee notified Appellant that given Appellant had terminated the contract for convenience, pursuant to their agreement, Appellee was entitled to payment for expenses it sustained in relation to the termination for convenience. When Appellant refused to pay Appellee, Appellee filed suit for breach of contract.

### *Procedural Background*

Appellee filed suit against Appellant for breach of contract. Appellant filed a motion to dismiss for lack of jurisdiction, (plea to the jurisdiction). The trial court denied Appellant's plea to the jurisdiction, which Appellant appealed. We affirmed the trial court's denial of the plea to the jurisdiction. *Lower Valley Water Dist. v. Danny Sander Constr., Inc.*, 587 S.W.3d 823, 828 (Tex.App.—El Paso 2019, no pet.). The matter was eventually set for trial and after a jury trial,

2

the jury found Appellant liable. The trial court entered a final judgment in favor of Appellee. Appellant filed a motion for new trial, which was denied. This appeal followed.

## DISCUSSION

Appellant submits three issues for our consideration: first, whether the trial court erred in submitting a jury question on the breach of contract at issue; second, whether the trial court abused its discretion in denying Appellant's motion for leave to file an amended answer; and third, whether the evidence was sufficient to support the jury's award of the entirety of Appellee's claimed damages.

### *Issue One: Should the trial court have submitted a jury question on breach of the contract?*

In its first issue, Appellant contends the question of breach should never have been submitted to the jury because whether a breach has occurred is a question of law for the trial court. Appellee offers a two-pronged attack to Appellant's first issue: (1) Appellant failed to preserve the issue for appeal when it did not object to submission of the breach question at the charge conference; and (2) even if error had been preserved, disputed facts regarding whether a breach occurred rendered the issue a fact question for the jury.

We consider the matter of waiver first. As Appellee notes, when a party fails to object at trial that a jury charge question is a question of law to be answered by the trial court, the party waives error on the issue. *See Osterberg v. Peca*, 12 S.W.3d 31, 55 (Tex. 2000); *Holland v. Wal-Mart Stores, Inc.*, 1 S.W.3d 91, 94 (Tex. 1999). In response, Appellant cites to *Indian Beach Prop. Owners' Ass'n v. Linden*, 222 S.W.3d 682, 704 (Tex.App.—Houston [1st Dist.] 2007, no pet.) for the proposition the *Indian Beach* case, which discusses submission of questions of law to juries, "sets out no requirement as argued by [Appellee] for this Court to disregard the error of the Trial

3

Court submitting a question of law to the jury." If we understand Appellant correctly, it argues because *Indian Beach* does not discuss preservation of error on jury charge questions, Appellant was absolved of any need to preserve error as Appellee claims. This position is incorrect. *Indian Beach* does indeed discuss the impropriety of submitting questions of law to a jury and reaffirms the principal a trial court errs when questions of law are submitted to a jury. *Id.* It is also true that *Indian Beach* does not discuss preservation of error requirements for complaints about questions of law improperly submitted to the jury. *See id.* However, there was no contention that the appellant in *Indian Beach* failed to preserve error on this issue. Regardless, for more than eighty years Texas law has required a party to object at trial if they are claiming on appeal a question of law was improperly submitted to the jury. *See, e.g.*, *Osterberg*, 12 S.W.3d at 55 (citing *Holland*, 1 S.W.3d at 94); *Smith v. Smith*, 187 S.W.2d 116, 121 (Tex.Civ.App.—Fort Worth 1945, no writ); *see also* TEX.R.CIV.P. 274.[1]

Did Appellant preserve error on its first issue? We find it did not. At the time of the jury charge conference, which occurred after the close of evidence, counsel for Appellant indicated he had no objections to the charge circulated by the trial court. Appellant offers no explanation for its failure to object, nor can we conjure one which would warrant an exception to the longstanding tenet found in Rule 274. Accordingly, we decline to consider the issue here and deem it waived.

Appellant's first issue is overruled.

### *Issue Two: Did the trial court abuse its discretion in denying Appellant's motion for leave to file an amended answer?*

In its second issue, Appellant argues the trial court abused its discretion when it denied Appellant's motion for leave to file an amended answer, filed seven days before the start of trial

---

[1] It is worth noting that Rule 274 took effect in 1941 and has remained substantively unchanged since that time.

and approximately two months after the deadline to file amended pleadings ordered by the trial court. Specifically, Appellant claims the trial court erred because Appellee failed to prove surprise or prejudice if the amendment was allowed.

Appellee asserts the inclusion of a new affirmative defense—namely a failure of conditions precedent—constitutes prejudice on its face, and the burden lies with the party seeking leave to amend to show an abuse of discretion when a trial court denies leave to amend. *See Hardin v. Hardin*, 597 S.W.2d 347, 349 (Tex. 1980). Thus, according to Appellee, the trial court properly exercised its discretion in denying the motion for leave to amend because it sought to add a new affirmative defense, thereby prejudicing Appellant.

### Standard of Review and Applicable Law

A trial court's ruling on a motion for leave to file an amended pleading is reviewed for an abuse of discretion. *See Western Skies P'ship/Physician's Healthcare Assoc., L.C. v. Physician's Healthcare Assoc., L.C.*, No. 08-02-00231-CV, 2004 WL 1078491 at *3 (Tex.App.—El Paso May 13, 2004, no pet.)(mem. op.). The right to amend pleadings is governed by Rule 63 of the Rules of Civil Procedure, which provides:

> Parties may amend their pleadings, respond to pleadings on file of other parties . . . and file such other pleas as they may desire by filing such pleas with the clerk at such time as not to operate as a surprise to the opposite party; provided, that any pleadings, responses or pleas offered for filing within seven days of the date of trial or thereafter, or after such time as may be ordered by the judge under Rule 166, shall be filed only after leave of the judge is obtained, which leave shall be granted by the judge unless there is a showing that such filing will operate as a surprise to the opposite party.

TEX.R.CIV.P. 63. Rule 63 is clear that the trial court has no discretion but to grant leave to amend unless the party opposing amendment shows evidence of surprise or prejudice, or the amendment asserts a new cause of action or defense and is thusly prejudicial on its face and the opposing party

objects accordingly. *Greenhalgh v. Service Lloyds Ins., Co.*, 787 S.W.2d 938, 939 (Tex. 1990). However, when surprise or prejudice is demonstrated, either through evidence presented by the objecting party or on the face of a pleading asserting a new cause of action or defense, then the decision to grant or deny the motion lies within the sound discretion of the trial court. *See Hardin*, 597 S.W.2d at 349-50. When the trial court denies a motion for leave to amend, the complaining party has the burden to show the trial court abused its discretion in denying the motion. *Id.*

**Analysis**

Here, there is no dispute between the parties the amendment sought by Appellant was the addition of an affirmative defense which had never been plead. Rather, Appellant argues Appellee should have anticipated Appellant's intent to assert that affirmative defense based on arguments made by Appellant in its plea to the jurisdiction. However, merely being aware that a party *could* assert an affirmative defense is not the same as actually asserting that defense in a pleading. *See American Title Co. of Houston v. Bomac Mortg. Holdings, LP*, 196 S.W.3d 903, 909 (Tex.App.—Dallas 2006, pet. granted, judgm't vacated w.r.m.); *see also Price v. Short*, 931 S.W.2d 677, 686 (Tex.App.—Dallas 1996, no writ)("Appellant's answer, not his discovery responses, put appellee on notice of the issues and evidence he would be called upon to meet at trial."). Additionally, we believe the addition of the failure-of-conditions-precedent defense would have reshaped the nature of the litigation at trial. Specifically, as Appellee discusses in its brief, if Appellant asserted a denial-of-conditions-precedent in its answer, it would require Appellee to prove the satisfaction of conditions precedent in its case-in-chief at trial, a task it would otherwise be relieved of. *See Greathouse v. Charter Nat'l Bank-Sw.*, 851 S.W.2d 173, 174 (Tex. 1992); *Granbury Marina Hotel, L.P. v. Berkel & Co. Contractors, Inc.*, 473 S.W.3d 834, 839 (Tex.App.—El Paso 2015, no pet.).

6

For these reasons, there is a showing of prejudice on the face of the amended pleading, and the trial court did not abuse its discretion in denying it. *See Price*, 931 S.W.2d at 686.

Moreover, Appellant's lack of diligence in asserting the affirmative defense supports a secondary basis supporting the trial court's decision to deny leave to amend. *See, e.g.*, *Price*, 931 S.W.2d at 686 (when leave to amend is discretionary, it is not an abuse of discretion to deny amendment when the record indicates the party has not shown diligence in seeking to file the amendment); *Cocke v. White*, 697 S.W.2d 739, 742 (Tex.App.—Corpus Christi 1985, writ ref'd n.r.e.); *Chase Manhattan Mortg. Corp. v. Cook*, 141 S.W.3d 709, 716 (Tex.App.—Eastland 2004, no pet.). Here, the deadline to amend pleadings was December 3, 2019. Yet, despite admitting as of filing its Plea to the Jurisdiction on October 6, 2017, it intended to argue a failure-of-conditions-precedent, it never amended its answer to include that affirmative defense until a week prior to trial. Appellant's failure to exercise diligence in filing its amended answer asserting a failure-of-conditions-precedent presents another basis upon which the trial court could have properly exercised its discretion in denying leave to amend.

Thus, we find the trial court did not abuse its discretion in denying Appellant's motion for leave to amend its answer asserting a failure-of-conditions-precedent. Appellant's second issue is overruled.

### *Issue Three: Was the evidence sufficient to support the jury's damages award?*

Finally, in its third issue, Appellant argues the evidence was insufficient to support the jury's damages award because Change Order #1 was not incorporated into the contract due to a failure-of-conditions-precedent. Alternatively, Appellant argues that if this Court finds there was a breach of contract, the damages award should be reduced by $13,976, which Appellant claims is duplicative of a sum already paid to Appellee.

7

Appellee claims Appellant failed to preserve any excessive damages complaint on appeal because it was not included in Appellee's motion for new trial. Further, Appellee argues that even if the issue was preserved for review, the evidence was sufficient to support the jury's award.

**Standard of Review and Applicable Law**

We review excessive damages complaints as challenges to the factual sufficiency of the evidence to support the damages award and we apply the same test for determining any factual sufficiency challenge. *C.M. Asfahl Agency v. Tensor, Inc.*, 135 S.W.3d 768, 797 (Tex.App.— Houston [1st Dist.] 2004, no pet.). In our consideration of all the evidence, we may set aside the verdict only if it is so contrary to the overwhelming weight of the evidence that the verdict is clearly wrong and unjust. *Id.* (citing *Maritime Overseas Corp. v. Ellis*, 971 S.W.2d 402, 407 (Tex. 1998)). However, in considering and weighing the evidence, we must defer to the fact finder as the final determiner of the credibility of witnesses and the weight to give the testimony. *Id.*

**Analysis**

We first address the issue of waiver. Rule 324(b) of the Texas Rules of Civil Procedure provides, "A point in a motion for new trial is a prerequisite to the following complaints on appeal: . . . . (4) A complaint of inadequacy or excessiveness of the damages found by the jury[.]" TEX.R.CIV.P. 324(b). Appellant timely filed a motion for new trial. In his motion for new trial, Appellant argued:

> Specifically, the Jury did not consider or disregarded the definitional terms provided in the contract necessary to be met before payment can issue, and as a result entered and awarded a judgment against the Defendant that was unjust. There is no evidentiary record to support the jury's responses to **Jury Question No. 1 and 3.**

Jury Question No. 1 addressed whether Appellee breached the agreement, and Jury Question No. 3 addressed the award of damages. Jury Question No. 3 specifically asked:

8

What sum of money, if any, if now paid in cash, would fairly and reasonably compensate [Appellee] for its damages, if any, that resulted from such failure to comply?

Appellee argues Appellant's motion for new trial "never raised an argument that the damages award in favor of [Appellee] was excessive." We disagree. Although Appellee did not specifically use the word "excessive," the cardinal rule in Texas for preserving error is that an objection must be clear enough to give the trial court an opportunity to correct it. *Arkoma Basin Exploration Co., Inc. v. FMF Associates 1990-A, Ltd.*, 249 S.W.3d 380, 388 (Tex. 2008). Appellant's complaint is clear enough; he sufficiently raised a complaint of the excessiveness of the damages found by the jury. *See id.* ("[P]ost-trial objections will rarely be as detailed as an appellate brief because time is short, the record may not be ready, and the trial court is already familiar with the case. . . . [t]he specificity of post-trial objections should be construed liberally so that the right to appeal is not lost unnecessarily."). We find Appellant properly preserved error to the damages awarded by the jury.

We now turn to the merits. Appellant argues the amount of damages awarded to Appellee should be reduced by $13,976. According to Appellant, evidence presented at trial shows Appellee failed to account for payment made by Appellant to Appellee for labor and equipment used from September 9, 2016 to September 23, 2016—an offset. The amount paid to Appellee during this period for the labor of these employees and use of the equipment totaled $13,976.

Appellee responds the evidence does not conclusively establish he sought charges that were excessive based on the termination for convenience clause in the contract. He maintains the expenses for labor costs were based on a period of fifty-two days, even though the delay period at issue in which he incurred expenses spanned a period of five months. At trial, Appellee's project manager, Eric Lara, testified to the labor charges and confirmed no methods of double billing were

9

utilized. The jury was entitled to believe or disbelieve that testimony. *See McGalliard v. Kuhlmann*, 722 S.W.2d 694, 697 (Tex. 1986)("The trier of fact has several alternatives available when presented with conflicting evidence. It may believe one witness and disbelieve others."). Gerald Grijalva, general manager of the Lower Valley Water District, also testified and stated he had no basis to question the rates charged for labor. He could not testify that the rates charged were excessive, and he could not question the rate charged for use of the equipment.

There was also testimony presented at trial that the expenses sustained by Appellee totaled $163,418.45. The jury's award of damages was consistent with that exact amount—the jury awarded $163,418.45 in damages for expenses sustained as the result of the breach. As for the retainage amount, which the jury found had been withheld by Appellant under the contract and had not yet been paid to Appellee, it was based on a mathematical calculation of one percent of the contract price for each payment Application No. 10. Evidence admitted at trial established the retainage amount was $17,808.70, which is the amount identified in Appellee's Payment Application No. 10. The jury's award of damages for the retainage was $17,808.70. The jury's decision to award damages within the range of evidence presented at trial is an appropriate exercise of the jury's role in determining damages. *See Harstan, Ltd. v. Si Kyu Kim*, 441 S.W.3d 791, 802 (Tex.App.—El Paso 2014, no pet.)("When the trial evidence supports a range of damages, an award within that range is an appropriate exercise of the jury's discretion, and we are not permitted to disregard the jury's award on the basis that the jury's reasoning is unclear.").

After reviewing all of the evidence, Appellant has not established as a matter of law that the damages awarded to Appellee are clearly wrong and unjust, or are contrary to the great weight of the evidence. *See C.M. Asfahl Agency*, 135 S.W.3d at 797. We decline to reduce the damages

award and find the evidence sufficient to support the jury's damages award. Appellant's third issue is overruled.

## CONCLUSION

For these reasons, we affirm.

August 17, 2022

YVONNE T. RODRIGUEZ, Chief Justice

Before Rodriguez, C.J., Palafox, and Alley, JJ.

11