# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-22-00762-CV

**Christie Turner Schultz, Appellant**

**v.**

**Derrick Schultz, Appellee**

### FROM THE 53RD DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-FM-17-004740, THE HONORABLE AMY CLARK MEACHUM, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Christie Turner Schultz appeals the trial court's final order in a suit to modify the parent-child relationship. In four issues, Christie challenges the trial court's imposition of sanctions, ordering her to pay $50,000 in attorney's fees to her ex-husband, Derrick Schultz.[1] Because we conclude that the evidence is legally insufficient to show that the attorney's fees awarded were reasonable and necessary, we reverse that portion of the trial court's order and remand for further proceedings.

---

[1] Because the parties share the same surname, we will refer to the parties by the first names for clarity.

## BACKGROUND

Christie and Derrick divorced in 2019, and at the time of their divorce, their four children were seventeen, fifteen, twelve, and four. The final decree of divorce was signed on March 14, 2019, and the first amended divorce decree, effecting a change to the property division, was signed on June 11, 2019. As it relates to the parents' rights and obligations to the children, the divorce decree appointed Christie and Derrick as joint managing conservators, awarded Christie the exclusive right to determine the primary residence of the children, and permitted Derrick to have possession of the children under an expanded standard possession schedule. On March 18, 2020, Christie filed a petition to modify the parent-child relationship, seeking in part to impose a more limited possession schedule on Derrick and to increase his child-support obligation. In response, Derrick filed a counterpetition to modify, seeking a more expanded possession schedule.

On February 15, 2022, Derrick filed a "Request for Attorney's Fees and Sanctions" in connection with various discovery motions filed by Christie and "for having to respond to the baseless claims of [Christie] that are tantamount to harassment and an abuse of the discovery rules of procedure." *See* Tex. R. Civ. P. 215.3. Derrick also requested an award of attorney's fees pursuant to Section 156.005 of the Family Code "for having to remain in the litigation [for modification] with [Christie] despite his repeated efforts to mitigate and resolve the litigation." *See* Tex. Fam. Code § 156.005.

On February 23 and 24, 2022, the trial court conducted a two-day hearing on the parties' competing motions. In support of his request for attorney's fees and sanctions, Derrick presented the testimony of his attorney, who told the trial court that Derrick was asking the court to award him $50,000 of the $90,000 in attorney's fees he had incurred and that the award was necessary to deter Christie from filing similarly frivolous actions in the future. At the conclusion

2

of the hearing, the trial court granted in part each of the parties' competing motions. Among other things, the trial court modified the possession schedule to allow Derrick to exercise the alternative beginning and ending possession times specified in Section 153.317(a) of the Family Code. In addition, the trial court modified the decree to require that pickup of the children occur at the residence of the other parent or school and to require Christie and Derrick to consult on certain medical and education decisions, with Christie as the decisionmaker when agreement cannot be reached. Finally, as relevant to this appeal, the trial court ordered Christie to pay $50,000 in "attorney's fees and sanctions" to Derrick, finding that (1) "sanctions are merited against [Christie] for violations of Texas Rules of Civil Procedure 215," and (2) Christie "asserted claims against [Derrick] that were designed to harass him pursuant to Texas Family Code [Section] 156.005."

In four issues on appeal, Christie contends that the trial court abused its discretion in granting Derrick's request for $50,000 in attorney's fees as sanctions.

## STANDARD OF REVIEW

Rule 215 authorizes a trial court to impose a variety of sanctions for various discovery abuses, including abuse in seeking, making, or resisting discovery. Tex. R. Civ. P. 215.3. Among other things, a trial court may require that the disobedient party to pay reasonable expenses, including attorney's fees, related to the discovery abuse. *Id.* R. 215.2(b)(8). In addition, in modification proceedings, "if the court finds that a suit for modification is filed frivolously or is designed to harass a party," the court shall assess attorney's fees as costs against the offending party. Tex. Fam. Code § 156.005.

We review a trial court's award of sanctions, including awards under Rule 215 and Section 156.005, for an abuse of discretion. *Medina v. Zuniga*, 593 S.W.3d 238, 244 (Tex. 2019);

*Kelsall v. Haisten*, 564 S.W.3d 157, 164 (Tex. App.—Houston [1st Dist.] 2018, no pet.). A trial court abuses it discretion if it acts without reference to any guiding rules or principles, such that the ruling was arbitrary or unreasonable. *Plan B Holdings, LLC v. RSLLP*, 681 S.W.3d 443, 451 (Tex. App.—Austin 2023, no pet.). Under this standard, legal and factual sufficiency challenges to the evidence are not independent grounds of error but are relevant factors in assessing whether the trial court abused its discretion.[2] *Zeifman v. Michels*, 212 S.W.3d 582, 587 (Tex. App.—Austin 2006, pet. denied). A trial court does not abuse its discretion if it bases its decision on conflicting evidence and some evidence supports its decision. *Unifund CCR Partner v. Villa*, 299 S.W.3d 92, 97 (Tex. 2006). To make that determination, we "independently review the entire record." *American Flood Rsch. v. Jones*, 192 S.W.3d 581, 583 (Tex. 2006).

## DISCUSSION

In reviewing the trial court's award of sanctions, we first consider Christie's complaint that Derrick's request for attorney's fees and sanctions was untimely under Rule 63 of the Texas Rules of Civil Procedure and thus should not have been considered by the trial court.

As relevant here, under Rule 63, parties may amend their pleadings "as they may desire," provided that within seven days of the date of trial or thereafter, pleadings amendments

---

[2] In evaluating the legal sufficiency of the evidence to support a finding, we must view the evidence in the light most favorable to the judgment, crediting favorable evidence if a reasonable fact finder could, and disregarding contrary evidence unless a reasonable fact finder could not. *City of Keller v. Wilson*, 168 S.W.3d 802, 807 (Tex. 2005). The test is "whether the evidence at trial would enable reasonable and fair-minded people to reach the [judgment] under review." *Id.* at 827. In reviewing factual sufficiency of the evidence, we consider and weigh all the evidence in the record, and we may overturn a judgment only if it is so against the great weight and preponderance of the evidence as to be clearly wrong and manifestly unjust. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986).

4

"shall be filed only after the leave of the judge is obtained." Tex. R. Civ. P. 63. "[L]eave shall be granted by the judge unless there is a showing that such filing will operate as a surprise to the opposite party." *Id.* Christie argues that the trial court abused its discretion by considering Derrick's "request for attorney's fees and sanctions" because it was filed five days before trial,[3] Derrick never obtained leave for its filing, and the filing operated as an unfair surprise to her. Assuming without deciding that Derrick was required to file his motion at least seven days before trial or to obtain leave from the trial court for doing so, we disagree with Christie's assertion that Derrick's request for sanctions was not properly before the trial court.

The Texas Supreme Court has recognized that "[a] liberal interpretation has been given to Rule 63," such that "leave of court [to file a late pleading] is presumed" when "it is considered by the trial court" and the opposing party "has not shown surprise or prejudice." *Mosaic Baybrook One, L.P. v. Cessor*, 668 S.W.3d 611, 625 (Tex. 2023) (quoting *Goswami v. Metropolitan Savs. & Loan Assoc.*, 751 S.W.2d 487, 490 (Tex. 1988)). In other words, Rule 63 requires the party opposing the late-filed pleading to object to the pleading when it is considered by the trial court and show that she has been surprised or prejudiced by its late filing or that it is prejudicial on its face. *See id.* (noting that "Rule 63 places the burden on the party opposing the amendment [to show prejudice or surprise] by raising an objection in the trial court"). When properly preserved, a trial court's decision to grant leave is reviewed for an abuse of discretion. *Hardin v. Hardin*, 597 S.W.2d 347, 349 (Tex. 1980).

At trial, Derrick presented his request for attorney's fees and sanctions to the trial court. Christie did not object or otherwise complain that the request was untimely, nor did she

---

[3] One day before trial, Derrick filed an "amended request for attorney's fees and sanctions"; however, the amended request did not substantively change his request.

5

move for a continuance on the ground that the late-filed request was prejudicial or that she was surprised by its filing. Instead, after the trial court rendered judgment, Christie filed a motion for reconsideration, objecting to the trial court's imposition of sanctions on the grounds that she did not receive adequate notice and that she did not have an adequate opportunity to respond when the request was presented at trial. Because nothing in the record affirmatively shows that Derrick requested but was denied leave to file his request for attorney's fees and sanctions, on this record, we must presume that Derrick obtained leave to file his request. S*ee Goswami*, 751 S.W.2d at 490.

In addition, to the extent Christie now complains that the trial court abused its discretion in granting leave because she did not receive adequate notice, we conclude that her objection was untimely and that she has failed to preserve this argument for appeal. *See Low v. Henry*, 221 S.W.3d 609, 618 (Tex. 2007) (concluding that appellant's complaint that he lacked notice that motion for sanctions would be considered at hearing on other matters was untimely because appellant did not object at hearing and instead raised complaint for first time in motion for new trial); *see also* Tex. R. App. P. 33.1 (to preserve issue for appellate review, party must make complaint to trial court by timely request, objection, or motion and obtain ruling). Moreover, even if Christie had preserved her argument, we could not conclude that the trial court abused its discretion because Christie has failed to point to anything in the record demonstrating that she was unfairly surprised or prejudiced by the late filing. We overrule Christie's third issue on appeal.

Next, we consider Christie's argument that the trial court abused its discretion in awarding sanctions because the evidence is legally and factually insufficient to show that she engaged in sanctionable conduct. Specifically, Christie argues that there is no evidence of sanctionable discovery abuse under Rule 215 and that, to the extent Derrick sought discovery

6

sanctions, he waived his claim for sanctions because he did not obtain a pre-trial ruling. *See Remington Arms Co., Inc. v. Caldwell*, 850 S.W.2d 167, 170 (Tex. 1993) ("[T]he failure to obtain a pretrial ruling on discovery disputes that exist before commencement of trial constitutes a waiver of any claim for sanctions based on that conduct."). Christie's argument, however, assumes that the trial court awarded attorney's fees solely under Rule 215, which is incorrect. Instead, the trial court's findings of fact and conclusions of law show that its award of attorney's fees is also based on Section 156.005 and its associated finding that Christie "asserted claims against [Derrick] that were designed to harass him." Because Christie does not challenge the trial court's finding of harassment under Section 156.005, we will defer to that finding if it is supported by some evidence. *See also Tenaska Energy, Inc. v. Ponderosa Pine Energy, LLC*, 437 S.W.3d 518, 523 (Tex. 2014) ("We defer to unchallenged findings of fact that are supported by some evidence.").

In support of his "First Amended Request for Attorney's Fees and Sanctions," which was admitted into evidence at trial, Derrick attached as exhibits (1) an e-mail from his attorney, Perry Minton, to Christie on January 31, 2022, in which Minton reurged Derrick's prior offer to dismiss his pleadings, "including any motions, sanctions or attorney's fees" in exchange for Christie's dismissal of her petition to modify; (2) an e-mail from Christie to Minton on February 6, 2022, in which Christie offered to sign a joint motion to dismiss *without* prejudice in order to avoid the February trial setting; (3) a discovery motion filed by Derrick, seeking to compel discovery from Christie, with exhibits and trial court's orders granting relief; (4) an e-mail exchange between Christie and Derrick and Minton, in which Christie demanded return of their children's "stolen iPhones" and stated that she had reported a potential kidnapping to police, after Derrick was one hour late to exchange possession of one of the children; (5) a letter from Minton to Christie, outlining Derrick's prior voluntary offer to increase his child-support obligation; and

7

(6) Christie's deposition testimony. Viewing this and other evidence in the record concerning the parties' contentious dispute in the light most favorable to the trial court's order, we conclude that there is at least some evidence to support the trial court's finding that Christie's modification suit was brought for the purpose of harassing Derrick. Because the trial court's finding of harassment under Section 156.005 is sufficient, standing alone, to support the trial court's award of attorney's fees, we need not decide whether the evidence would also support an award under Rule 215. *See* Tex. R. App. P. 47.1. We overrule Christie's second appellate issue.

Finally, we consider Christie's first issue on appeal, in which she argues that the evidence is legally and factually insufficient to show that the attorney's fees awarded as a sanction under Section 156.005 were "reasonable and necessary." "Before a court may exercise its discretion to shift attorney's fees as a sanction, there must be some evidence of reasonableness because without such proof a trial court cannot determine that the sanction is 'no more severe than necessary' to fairly compensate the prevailing party." *Nath v. Texas Children's Hosp.*, 576 S.W.3d 707, 709 (Tex. 2019). "Consequently, when a party seeks attorney's fees as sanctions, the burden is on that party to put forth some affirmative evidence of attorney's fees incurred and how those fees resulted from or were caused by the sanctionable conduct." *Id.* (quoting *CHRISTUS Health Gulf Coast v. Carswell*, 505 S.W.3d 528, 540 (Tex. 2016)).

In Texas, courts use the "lodestar method" to determine reasonable and necessary attorney's fees. *Rohrmoos Venture v. UTSAW DVA Healthcare, LLP*, 578 S.W.3d 469, 496 (Tex. 2019). Under this method, the claimant first must provide sufficient evidence of both the reasonable hours worked and the reasonable hourly rate. *Id.* at 500-01. The factfinder then multiplies the number of such hours by the applicable rate, the product of which is the base fee or lodestar. *Id.* at 501. Although billing records are not required to prove that requested fees are

reasonable and necessary, they "are *strongly* encouraged," particularly when reasonableness and necessity are disputed. *Sims v. Sims*, 623 S.W.3d 47, 66-67 (Tex. App.—El Paso 2021, pet. denied) (quoting *Rohrmoos Venture*, 578 S.W.3d at 502). To show that requested attorney's fees are reasonable and necessary, the claimant must, at a minimum, present evidence of (1) the particular services performed, (2) the identity of each attorney who performed those services, (3) approximately when the services were performed, (4) the reasonable amount of time required to perform the services, and (5) the reasonable hourly rate for each attorney performing such services. *Sims*, 623 S.W.3d at 66 (citing *Rohrmoos Venture*, 578 S.W.3d at 502). "General, conclusory testimony devoid of any real substance will not support a fee award." *Rohrmoos Venture*, 578 S.W.3d at 502.

Minton was designated as an expert and testified at trial as to his experience as a licensed attorney providing legal services in Central Texas and as to his hourly rate and the hourly rates of his law partner and paralegals. Minton also testified as to the total hours spent by each attorney and paralegal in defending Derrick in Christie's modification suit, beginning in November 2020. Minton explained that he reduced his normal billing rate and that of his partner and paralegals to assist Derrick and that although the total amount billed was $90,000, he was "conservatively" asking the court to award $50,000. He further testified "that there have been multiple fusses and fights that have not just been inside the courtroom, including calling the police, requiring lawyers to help on weekends, managing the back and forth of exchanges, dealing with discovery issues, and [with] violations of the discovery orders." Finally, the trial court admitted into evidence copies of Minton's firm's invoices, substantiating the number of hours worked and the rates charged, but redacting in full all descriptions of the work performed.

Assuming without deciding that the evidence is sufficient to show that the hourly rates charged by Derrick's attorneys constitute reasonable rates, we cannot conclude that the evidence is sufficient to uphold the trial court's award of attorney's fees. Even when viewed in the light most favorable to the trial court's decision, Minton's testimony and billing records fail to provide any detail as to the specific tasks performed, who performed any of the specific tasks, or the amount of time it took to perform any task. In short, Minton's testimony and billing records "lack[] the substance required to uphold a fee award." *See id.* at 505 (concluding that attorney's testimony that his requested fees were based on his "searching through 'millions' of emails and reviewing 'hundreds of thousands' of papers in discovery, more than forty depositions taken, and a forty-page motion for summary judgment" was too general to establish that requested fees were reasonable and necessary).[4] We conclude that the evidence is legally insufficient to show that the amount of attorney's fees awarded by the trial court was reasonable and necessary and that, consequently, the trial court abused its discretion in making the award. We sustain Christie's first issue on appeal.

**CONCLUSION**

We reverse that portion of the trial court's order that awards $50,0000 in attorney's fees and remand the case for further proceedings consistent with this opinion. *See id.* at 506

---

[4] In her fourth issue on appeal, Christie argues, in the alternative, that even if the award of attorney's fees was otherwise proper, the trial court abused its discretion by, effectively, placing a lien on her homestead property to secure payment of the award. *See Florey v. Estate of McConnell*, 212 S.W.3d 439, 443 (Tex. App.—Austin 2006, pet. denied) (explaining that if "a lien that is not constitutionally permitted is placed on property that has not lost its homestead character, the lien on the property is void"). Because we have determined that we must reverse the trial court's sanction order, we need not decide this issue. *See* Tex. R. App. 47.1.

10

(reversing and remanding award of attorney's fees for redetermination where evidence was legally insufficient to show that fees were reasonable and necessary); *Sims*, 623 S.W.3d at 68 (same).

_____

Chari L. Kelly, Justice

Before Justices Baker, Triana, and Kelly

Reversed and Remanded

Filed:   July 31, 2024

11